## PARKHURST V. MASTELLER.

1. **Malicious Prosecution:** EVIDENCE BEFORE GRAND JURY. In an action for malicious prosecution, a grand juryman was asked on cross-examination, if the evidence of the defendant, then the prosecuting witness, was taken into consideration by the jury in finding the indictment. *Held*, improper.

2. ———: EVIDENCE: OPINION OF WITNESS: AT TIME OF TRIAL. Where a witness had stated his opportunities for observation, and that he saw no fire, a question calling for his opinion at the time of the trial, as to whether or not there was a fire at the time and place referred to, was properly excluded.

3. ———: INSTRUCTION: FOLLOWED IN THE SENSE INTENDED. Where an instruction was intended in a correct sense, and was understood and followed by the jury in the sense intended, the case will not be reversed because the language used, technically construed, might have a different meaning.

4. ———: ———: PROOF OF GUILT. In an action for malicious prosecution, if the defendent can satisfy the jury that the plaintiff, notwithstanding his acquittal, was in fact guilty, no recovery can be had; and in view of the evidence of actual guilt in this case, the instruction as to belief and probable cause should have been so qualified.

5. ———: ———: ADVICE OF COUNSEL: BAD FAITH. An instruction that if counsel and client acted in bad faith in the prosecution, the advice of counsel would not constitute a defense, was not prejudicial error, though there was no evidence that the counsel acted in bad faith.

6. ———: ———: DAMAGES: ATTORNEY'S FEES. Where there was no evidence of the amount paid, or agreed to be paid, as attorney's fees in defending the prosecution, an instruction including such costs in the measure of damages was erroneous.

7. ———: ——— ———: MENTAL SUFFERING. In an action for malicious prosecution, mental suffering, not arising directly from bodily suffering, and injury to the feelings, constitute elements of actual or compensatory damages.

8. ——: ——: EXEMPLARY DAMAGES. In addition to damages for injury to the feelings, exemplary damages may be allowed in a proper case, strictly by way of punishment.

## Appeal from Mahaska Circuit Court.

### SATURDAY, DECEMBER 17.

ACTION for damages for malicious prosecution. There was a trial by jury, and verdict and judgment were rendered for plaintiff. The defendant appeals.

*Lafferty & Johnson*, for appellant.

*Bolton & McCoy, John F. Lacey*, and *M. E. Cutts*, for appellee.

ADAMS, CH. J.—I. The defendant was the prosecuting witness in a criminal action against the plaintiff, for mali-

1. MALICIOUS prosecution: evidence before grand jury.

ciously burning a quantity of hay belonging to the defendant. The malicious prosecution for which the plaintiff claims damages, was the prosecution of that action. For the purpose of showing that the action was prosecuted without reasonable cause, the plaintiff introduced as a witness one Jackson, who testified that he was foreman of the grand jury which found the indictment against the plaintiff for maliciously burning the defendant's hay; that the defendant was examined as a witness before the grand jury. He also testified as to certain statements made by defendant in his testimony before the grand jury.

The defendant's counsel, upon cross-examination, then asked Jackson a question in these words: "State if in the discussion of the case before the grand jury on the part of the gentlemen composing it, whether Mr. Masteller's evidence was spoken of, or taken into consideration in passing upon it." This question was objected to by plaintiff, and the objection sustained. In sustaining the objection the defendant claims there was error.

The evidence, we think, was rightly excluded for this reason

if for no other, that it is impossible in the nature of things, for one juryman to know whether certain evidence was taken into consideration by the other jurymen. The most he could know would be what they said about it.

II. Witnesses were examined by the plaintiff who testified that they saw the fire in the fore part of the evening of the night on which the hay was burned. For the purpose of rebutting this testimony, and showing that the fire broke out not earlier than about twelve o'clock that night, the defendant introduced as a witness, one Barr, who testified that he was out that night between eleven and twelve o'clock, and was about one mile from the hay; that he was on rather high ground, and thinks that there was nothing to obstruct his view in the direction of the hay, and that he saw no fire. He was then asked by defendant's counsel a question in these words: " What would you say now under the circumstances then, as to whether there was or was not a fire at Masteller's hay at that time? "

*2. ——: evidence: opinion of witness.*

The plaintiff objected to this question, and the objection was sustained. In excluding the evidence the defendant claims that the court erred.

We think that the most that the witness could properly be allowed to state, were the facts as to his opportunity for seeing the fire, if he had looked in the direction of the hay and it had then been burning; whether he looked in that direction; and whether he saw any fire. After he had stated the facts, it was for the jury to form an opinion and not the witness, as to whether the hay was burning at that time. In refusing to allow the question to be asked, we think, that there was no error.

III. The court instructed the jury that " before the plaintiff can recover in this cause, he must show by a preponderance of the testimony that the defendant instituted and commenced a criminal prosecution against him for the crime of arson." The defendant insists that

*3. ——: instructions: followed as intended.*

if the jury had followed this instruction, their verdict must necessarily have been for him, because it was undisputed that the criminal prosecution was for burning hay, which is not arson.

The crime for which the plaintiff was prosecuted is spoken of in the pleadings by both plaintiff and defendant as arson. The court evidently used the word in the same sense, and the jury must have so understood it. Where a jury follows an instruction in the sense in which it was intended, we cannot reverse, because they did not follow it in a sense in which it was not intended.

IV. The court gave an instruction in these words: "The question of probable cause does not depend upon the question, 4. ——: ——: whether the plaintiff was guilty in point of fact, proof of guilt. nor whether the defendant in fact believed him guilty, but the question is were the facts and circumstances within the defendant's knowledge, and upon which he acted, sufficient in themselves to raise a reasonable ground of suspicion in the mind of an ordinarily cautious man, and did defendant believe plaintiff guilty?" The defendant claims that in giving this instruction the court erred. He claims the law to be that if the plaintiff was in fact guilty, he had reasonable cause for the prosecution even though his information was such that he should not have believed, and did not believe him to be guilty; and if the evidence in this case was such that the jury believed that the plaintiff was guilty, notwithstanding his acquittal in the criminal action, such belief on the part of the jury would alone entitle the defendant to a verdict.

The statement contained in the instruction, that " the question of probable cause does not depend upon the question whether the plaintiff was guilty in point of fact," is certainly correct to this extent, that there might be probable cause, and the plaintiff not be guilty. Some of us are inclined to think that this is all that the court intended to hold. But it is possible that the court intended also to hold that there might be

a want of probable cause, even though the plaintiff was guilty. The instruction is assailed by defendant upon the ground that it is susceptible of this meaning.

According to the weight of authority the rule appears to be, that if the defendant can satisfy the jury that the plaintiff, notwithstanding his acquittal, was in fact guilty of the crime with which he was charged, no recovery can be had. *Bacon v. Town*, 4 Cush., 239; *Adams v. Lisher*, 3 Blackf., 241; *Whitehurst v. Ward*, 12 Ala , 264; *Bell v. Pearcy*, 5 Ired., 83; *Johnson v. Chambers*, 10 Id., 287.

V. Error is assigned upon another part of the same instruction and that is the part pertaining to the defendant's belief. There might be a want of probable cause, and a belief on the part of the defendant that the plaintiff was guilty. Whether the existence of such belief would exclude malice and thereby prevent a recovery we do not determine. Such question is not presented.

But the thought of the instruction appears to be that to constitute probable cause, there should be both belief in the mind of the prosecutor of the guilt of the accused and reasonable grounds for the belief, or at least there should be sufficient facts and circumstances known to the prosecutor to raise a reasonable ground of suspicion in the mind of an ordinarily cautious man.

In view of the evidence introduced to prove actual guilt, we think that the instruction should have been given with the qualification that no recovery could be had if the jury believed the plaintiff actually guilty

VI. The evidence showed that the defendant in instituting the prosecution acted under the advice of counsel. The court, after having given an instruction embodying the usual rule as to the immunity accorded in such cases to persons who act in good faith under the advice of counsel, given upon a full statement of all the known facts, added by way of qualification these words: "If counsel

5.—— : ——:
advice of
counsel: bad
faith.

Parkhurst v. Mastoller.

and client acted in bad faith, originating and urging the prose-
cution, then the advice of counsel would constitute no ground
of defense." The defendant insists there was no evidence
whatever tending to show that the counsel did not act in good
faith; that there was therfore no question of this kind before
the jury, and that it was error to instruct them upon the sup-
position that there was. The defendant is undoubtedly correct
in his position that there was no evidence of a want of good
faith on the part of the counsel, and it might properly enough
be held that the instruction upon this point was uncalled for,
but we are unable to see how the defendant was prejudiced.
The court instructed the jury that, "if counsel and client acted
in bad faith, originating and urging the prosecution, then the
advice of counsel would constitute no ground of defense."
Now the instruction was not prejudicial we think, because if the
client alone acted in bad faith he could not shield himself un-
der the advice of counsel. The implication then that he might
enjoy the immunity, unless both acted in bad faith is too favor-
able to the defendant.

VII. On the measure of damages the court instructed the
jury in these words: "The plaintiff would be entitled to re-
6. ——: ——: cover his actual damages, which would include the
damages: at-
torney's fees.   costs he incurred in defending the prosecution (it
any have been shown), his loss of time, and interruption to his
business.

The only evidence that the plaintiff incurred costs is his own
statement, as a witness, that he was compelled to employ coun-
sel to defend him. Such being the fact the defendant contends
that the evidence did not justify the instruction, and in this it
appears to us that the defendant's position is well taken. It
may be, as the plaintiff contends, that the fact that he was com-
pelled to employ counsel entitled him to a nominal recovery
for counsel fees, even in the absence of any evidence as to the
reasonable amount paid or agreed to be paid. But the instruc-
tion was evidently not drawn with the view of suggesting any

such idea to the jury, and we think no such idea was suggested. The effect of the instruction was, we think, to send the jury off into the region of conjecture as to the amount of counsel fees, and this was not allowable.

VIII. In the same instruction the court told the jury that actual damages would include compensation for bodily and mental suffering. In this it is insisted that the court erred.

There was no evidence we think of bodily suffering, but the instruction is not objected to upon this ground. The objection is that mental suffering not arising directly from bodily suffering or disability does not constitute a ground for actual compensatory damages.

7. —— :——: *mental suffering.*

It is sufficient to say that upon a careful consideration of this question by this court in *McKinley v. The C. & N. W. R. Co.*, 44 Iowa, 319, it was held otherwise. The defendant's objection therefore cannot be sustained.

IX. The court instructed the jury that exemplary damages might also be allowed. In this the defendant contends that there was error. He insists that the court having instructed the jury that damages for mental suffering might be allowed as compensatory, there were no damages in the case allowable as exemplary. His argument is, if we understand him, that the only damages which could be regarded as allowable as exemplary would be the damages for mental suffering, but as they had been allowed as compensatory they could not be allowed as exemplary without the allowance of the same damages twice. The defendant cites *Hendrickson v. Kingsbury*, 21 Iowa, 387; *Chiles v. Drake*, 2 Met. (Ky.), 146. See also in this connection, *Fay v. Parker*, 53 N. H., 342; *Detroit Daily Post v. McArthur*, 16 Mich., 447.

8. —— : ——: *exemplary damages.*

We do not care to go into an elaborate discussion of the vexed question of compensatory and exemplary damages. While it may be true that this court would include within compensatory damages all that some other courts would regard as constituting a basis for the allowance of exemplary damages,

as injury to the feelings, etc., resulting from the defendant's guilt, and where there is no standard by which the injury can be measured and compensated, yet the doctrine of exemplary damages has always been recognized by this court, and it is too late to overturn it now. In adition, therefore, to damages for injury to the feelings there may be allowed in a proper case damages strictly by way of punishment.

Some other errors are assigned which we have not considered. The questions presented will probably not arise upon another trial.

REVERSED.