the estate of Mary Reiering, deceased, was plaintiff, and Joseph B. Reiering, son of said deceased, was defendant. The petition asked for the the recovery of a sum of money which the mother had in 1917, when the son was absent in the war, paid to the Norwood Sash & Door Co. for material previously furnished by the company to the son for the construction of a house. The petition sought to recover also for board and lodging which the mother had furnished the son. The answer was a general denial.

At the trial, on motion of defendant, the Common Pleas directed a verdict for defendant and dismissed the action on the ground that even though the money was advanced as alleged in the petition, that money upon the death of the mother became what the law terms an advancement, that it was an irrevocable gift by a parent to a child in anticipation of the child's future share of the parent's estate and is to be taken into account upon distribution. Another reason for the trial court's action was that the Probate Court and not the Common Pleas had jurisdiction to determine what share the son should receive out of the estate. Upon error, prosecuted by Collins, the Court of Appeals held:

The general denial denying all the allegations of the petition put in issue questions of fact for the determination of a jury. The word "advanced" as used in the petition cannot be construed to mean advancement in its legal sense. Moreover, this allegation is denied by the answer.

The action was properly commenced in the Common Pleas. The Probate Court would not have jurisdiction to determine the question whether or not the son was indebted to the estate. That was a question of fact for the jury. Judgment reversed and cause remanded.

Attorneys—Ed. H. Williams and Wm. R. Collins, for Collins; Karl H. Caldwell, for Reiering; all of Cincinnati.

---

No. 638
HANKE BROS. CO. v. SILVER, INC.
Ohio Appeals, 1st Dist., Hamilton County
No. 2244    Nov. 26, 1923

677. JUDGMENT—Where default judgment was rendered the day after defendant filed a statement of defense, the case regularly stood for trial, and proceedings to vacate need not be commenced within the first three days of the succeeding term, as required by 11634 GC.

HAMILTON, J.          Epitomized Opinion
Published Only in Ohio Law Abstract

Original action in the Cincinnati Municipal Court, wherein Samuel Silver, Inc., was plaintiff and Hanke Bros. was defendant. Plaintiff filed a bill of particulars, claiming money, on May 21, 1920. Summons was served upon defendant company, which filed a statement of defense on June 1. On June 2, the Municipal Court entered a default judgment in the amount sued for. On July 30, thirty days after a new term of court had began, defendant filed a motion to set aside the default judgment. On Aug. 3, the court set it aside

The plaintiff thereupon took the case to the Common Pleas, which reversed the decision of the Municipal Court on the ground that a motion to set aside a default judgment should be filed within the rst three days of the succeeding term. The Hanke Co. prosecuted error to the Court of Appeals, which held:

By 11634 GC. the only circumstance under which a motion for a new trial must be filed within the first three days of the succeeding term is because the judgment was rendered before the action regularly stood for trial. Default for a failure to plead cannot be entered where the pleading, though out of time, is filed at the time the default is sought to be entered without first having such answer removed from the record. 58 OS. 202.

This case was at issue on the pleadings and regularly stood for trial and the requirement that a motion be filed within the first three days of the term succeeding did not apply. Judgment of Common Pleas reversed.

Attorneys—Bettenger, Schmitt & Kreis, for Hanke Co.; Burch & Peters, for Silver, Inc.; all of Cincinnati.

---

No. 639
KOCH v TENNISON
Ohio Appeals, 1st Dist., Hamilton County
No. 2313.  Jan. 7, 1924

745. MALICIOUS  PROSECUTION — 1. Charges to jury are erroneous that fail to state clearly that plaintiff must prove malice.

2. Discharge after the hearing of witnesses makes a prima facie case of want of probable cause only.

HAMILTON, J.          Epitomized Opinion
Published Only in Ohio Law Abstract

Original action in Common Pleas, wherein Alfred F. Tennison recovered a judgment against Albert G. Koch in an action for malicious prosecution. In charging the jury, the trial court said in the first charge that if plaintiff showed that he had been arrested, tried and dismissed after hearing of witnesses, he had made a prima facie case. In charges 2, 6 and 7, the court said in effect that if defendant in prosecuting plaintiff did not have reasonable grounds or an honest and sincere belief, then the verdict should be for plaintiff. Koch contending that these charges were erroneous, prosecuted error to the Court of Appeals, which held:

## STATE COURT OF APPEALS—Continued

1. To establish the right of recovery, plaintiff must show three things: the acquittal or discharge, want of probable cause, and malice.

2. Proof of discharge after the hearing of witnesses makes a prima facie case ·of want of probable cause only. The first charge was therefore misleading because it stated that plaintiff would, by proving such facts, make a prima facie case.

3. The effect of charges 2, 6 and 7 was to eliminate the required proof that the prosecution was malicious. While some of the facts stated in the charge might raise some inference of malice, this inference must be drawn by the jury and not by the court. Judgment reversed.

Attorneys—Dismore, Shohl & Sawyer, Eugene Adler and Sidney Adler, for Koch; Samuel Rotter and D. T. Hachett, for Tennison; all of Cincinnati.

---

## No. 640
## WIEST v. CINCINNATI

Ohio Appeals, 1st Dist., Hamilton County
No. 2255. Jan. 7, 1924

797. MUNICIPAL CORPORATION — A city is held to ordinary care in keeping sidewalks in repair and if in the exercise of such care, it should have known of defects and could have repaired them, the city is charged with constructive notice of such defection.

BUCKWALTER, J.      Epitomized Opinion
Published Only in Ohio Law Abstract

Original action in the Common Pleas by Adelaide Wiest, plaintiff, to recover damages from Cincinnati for injuries to plaintiff, due to defective sidewalk. Plaintiff stepped upon the lid covering a manhole in the sidewalk, and the lid tilted, causing her to fall into the opening. The tilting of the lid was caused by the fact that a flange had worn away. The defect was not apparent without examination. The ·lid had been in such defective condition for six months, and a similar accident had occurred about four months prior to plaintiff's accident. There was no proof of actual notice to the city of the condition of the lid. At the close of plaintiff's evi dence, a motion was made to direct a verdict for defendant which motion was granted and a verdict returned for the city. Wiest prosecuted error to the Court of Appeals, which held:

A municipal corporation is not an insurer of the safe condition of its sidewalks, but under the rule in Ohio, it is held to ordinary care to keep them in reasonably safe condition. The rule is that if the defect is shown to have existed, such a length of time that the city authorities, by the· exercise of ordinary care, would have known of its existence, aad could have repaired it, then the city is charged with constructive notice of such defect. 18 C. C. 50.

Under the scintilla rule, there was sufficient evidence both as to the defect and as to constructive notice to the city to warrant the submission of the cause to the jury. The court erred in granting the motion to direct a verdict for defendant. Judgment reversed.

Attotrneys—Wm. F. Fox, for Wiest; Saul Zielonka, City Solicitor, and Dennis J. Ryan, Asst. City Sol., for City; all of Cincinnati.

---

## No. 641
## SMITH v. PINKERTON

Ohio Appeals, 1st Dist., Hamilton County
No. 2384. March 10, 1924

891. PARTNERSHIP—11286 GC. permitting service of summons on a partnership, at its usual place of doing business, applies only to resident partnerships and not to non-residents doing business in this state.

HAMILTON, J.      Epitomized Opinion
Published Only in Ohio Law Abstract

Original action in the Superior Court of Cincinnati, wherein Jack Smith was plaintiff and Wm. A. Pinkerton and Allan Pinkerton, individually and as partners, doing business under the firm name and style of "Pinkerton National Detective Agency," were defendants Service of summons was attempted by leaving a copy of the summons with one J. A. Camden, superintendent in charge of the Cincinnati branch of the Pinkerton Agency. Defendants filed a motion to quash the attempted service for ·the reason that the partners were non-residents of the state of Ohio, and that there had been no seizure of property in Ohio. The trial court sustained the motion to quash the service and Smith prosecuted error to the Court of Appeals, which held:

11286 GC. provided that if defendant is a partnership sued by its company name, service may be made by leaving a copy of the summons at defendant's usual place of doing business. This statute refers to resident partnerships only. Any other construction of the statute would be repugnant to the 14th Amentment to the U. S. Constitution. 248 U. S. 289.

A partnership is not a legal entity having a residence separate and distinct from the individuals who constitute it. Its analogy to a foreign corporation cannot be made. 51 OS 300.

The trial court did not err in sustaining the motion to quash the service. Judgment affirmed.

Attorneys—Julius R. Samuels, for Smith; Bettman, Riesenberg, 'Cohen & Steltenpohl, for Pinkertons; all of Cincinnati.