## JOHN BRIGHT SHOE STORES CO. *v.* SCULLY.

*Malicious prosecution—Evidence-—Declarations of agent inadmissible to establish agency—Charge to jury—Refusal to give special requests before argument prejudicial error —Inclusion of substance thereof in general charge, insufficient—Want of probable cause not established by accused's discharge, when—Attorney fees may be included in compensatory damages, when—Charge that preponderance of evidence means greater weight of testimony, erroneous—"Evidence" and "testimony" distinguished.*

1. Though error in admitting testimony offered by plaintiff suing for malicious prosecution, to the effect that third person claimed he represented defendant, to prove agency for defendant, was not prejudicial, it was reversible error to refuse requested instruction that authority of agent cannot be proved by own declaration.

2. Generally, declarations of an agent cannot be offered in evidence to prove fact of agency nor extent of agent's authority.

3. Giving of proper request to charge before argument is mandatory, and inclusion of substance of request in general charge is not sufficient.

4. If plaintiff, in action for malicious prosecution, was in fact guilty of offense charged, he cannot claim want of

probable cause for prosecution, even though criminal transaction had terminated in his favor.

5. Jury may award exemplary damages in addition to compensatory damages for malicious prosecution, and, if exemplary damages are awarded, may include reasonable counsel fees in compensatory damages.

6. Charge that preponderance of evidence meant greater weight of testimony ignores exhibits introduced which are not testimony but evidence; word "testimony" meaning statements by witnesses under oath or affirmation, while word "evidence" includes all means by which matters of fact are established or disproved.

(Decided March 29, 1926.)

ERROR: Court of Appeals for Lucas county.

*Messrs. Taber, Chittenden, Northup & Daniells, Messrs. Rowley & Rowley,* and *Mr. M. D. Merrick,* for plaintiff in error.

*Messrs. Boggs & Doty,* for defendant in error.

WILLIAMS, J. The original action in the common pleas court of Lucas county was one for malicious prosecution, and upon trial the jury returned a verdict in favor of the plaintiff in the sum of $3,000. After overruling the motion and supplemental motion for new trial, the court entered a judgment on the verdict, and the defendant below, by this proceeding in error, seeks a reversal of that judgment.

Plaintiff below, Arthur J. Scully, was manager of a shoe store for the defendant company, and, between the time of closing the store on one Saturday night and the time of opening the store on the following Monday morning, a large sum of money was taken from the safe in the store. Shortly

after the discovery of the loss of money, the stock of goods was checked up, and several pairs of shoes were found to be missing. At the time of the discovery of the loss of the money, on Monday morning, a key was found broken off in the keyhole of the door. There is evidence tending to show that this key was one of two which had been made and given to the plaintiff when he took possession of the store. There was additional evidence tending to show the guilt of the plaintiff. After the defendant had labored for some months in an endeavor to get the plaintiff to pay back the amount of money lost, and the value of the missing goods, one W. C. Blanton swore to an affidavit charging the plaintiff with embezzlement, and caused his arrest. Later the plaintiff was bound over to the grand jury, and that body failed to return an indictment against him. A short time after the discharge by the grand jury, the plaintiff brought, in the court below, the original action for malicious prosecution. There are several assignments of error, but we shall only consider those which we regard as controlling.

The court permitted the plaintiff to testify to a statement made by W. C. Blanton, who was not himself a witness, substantially to the effect that he (Blanton) represented the John Bright Shoe Stores Company. This was admitted over the objection and exception of the defendant below. Before argument, the defendant presented to the court its written request to charge No. 1, and requested the court to submit the same to the jury before argument. The court refused to give it, to which the defendant excepted. Defendant's request

No. 1 reads as follows: ''The court instructs the jury that the authority of an agent cannot be proved by his own declaration.''

We are of the opinion that it would be erroneous for the court to admit the above testimony to establish the agency of W. C. Blanton. It is a well-established general rule that the declarations of an agent cannot be offered in evidence to prove the fact of agency, nor the extent of such agent's authority. *General Cartage & Storage Co.* v. *Cox,* 74 Ohio St., 284, 292, 78 N. E., 371, 113 Am. St., Rep., 959; 10 Encyclopedia of Evidence, 15; 22 Corpus Juris, p. 376, Section 441; 2 Jones on Evidence (2d Ed.), 438, Section 255.

We are aware, however, that the admission of such testimony has not always been held prejudicial. *Williams* v. *Stearns,* 59 Ohio St., 28, 51 N. E., 439. We are also aware of the rule that, where agency has been established by other evidence, such declarations are admissible to show that the person assumed to act as agent and not on his individual account. 2 Corpus Juris, 939, Section 695. While we are of the opinion that the admission of the declaration was not prejudicial error, its admission should have been safeguarded by special instructions given to the jury at the time.

It is true that in the general charge the court gave the substance of defendant's request No. 1, but it is well settled in Ohio that the giving of such requests before argument is mandatory. *Cleveland & Elyria Elec. Rd. Co.* v. *Hawkins,* 64 Ohio St., 391, 394, 60 N. E., 558; *Chesrown* v. *Bevier,* 101 Ohio St., 282, 128 N. E., 94; *Payne, Dir. Genl.,* v. *Vance,* 103 Ohio St., 59, 133 N. E., 85.

As pointed out in above cases, there are certain exceptions, but the question as raised in the instant case does not come within any exception. The request contained a correct statement of the law, and refusing to give it before argument constituted prejudicial error.

It is claimed that the charge is erroneous. We are of the opinion that the charge is subject to some criticism. We do not believe that the court adhered strictly to the definition of probable cause, as approved by the Supreme Court in *Melanowski* v. *Judy*, 102 Ohio St., 153, 131 N. E., 360, and *Ash* v. *Marlow*, 20 Ohio, 119. To say the least, it is unsafe to depart from the rule thus established by the court of last resort of this jurisdiction.

In the course of its charge the court used the following language:

"The true inquiry for the jury to make is not what the facts are as to the guilt or innocence of the plaintiff, because it is a matter of no concern to the jury whether the plaintiff was guilty or innocent—the real question being what did the defendant have reason to believe in reference thereto at the time it instituted the criminal proceedings against the plaintiff, if you find that the defendant did institute the criminal proceedings and cause his arrest?"

We think this statement of law failed to take into consideration the principle that, if it appeared that the plaintiff below was in fact guilty of the offense charged in the affidavit in question, it could not be claimed by the plaintiff that there was want of probable cause for the prosecution, even though the criminal transaction had terminated in favor

of the plaintiff. *Parkhurst* v. *Masteller,* 57 Iowa, 474, 10 N. W., 864; *Bruley* v. *Rose,* 57 Iowa, 651, 11 N. W., 629; 8 Encyc. of Evidence, 416.

The trial judge in the charge told the jury, in substance, that, if it assessed exemplary or punitive damages, it might include with such exemplary damages reasonable attorney fees for the prosecution of the cause in the court below. The rule is that, in cases involving the elements of fraud, malice, or insult, the jury may award exemplary or punitive damages in addition to damages merely compensatory, and that in such case the jury may include reasonable counsel fees in its estimate of compensatory damages. *Roberts* v. *Mason,* 10 Ohio St., 277, and *United Power Co.* v. *Matheny,* 81 Ohio St., 204, 90 N. E., 154, 28 L. R. A., (N. S.), 761.

In the course of the charge the court said to the jury, in substance, that by preponderance of the evidence was meant the greater weight of the testimony. The use of the word "testimony" in this connection appears in various places in the charge, and ignored wholly the numerous exhibits attached to the bill of exceptions and admitted in evidence in the trial of the case below, which are not testimony, but evidence. The word "testimony," in a legal sense, is the statement or statements made by a witness under oath or affirmation. The word "evidence," in a legal sense, "includes all the means by which any alleged matter of fact, the truth of which is submitted to investigation, is established or disproved." It is therefore apparent that testimony is not synonymous with evidence. The word "testimony" was used in many places in the charge where the more comprehensive term should have been employed.

Final judgment should not be entered in this case for the reason that while there is no direct evidence tending to show that W. C. Blanton was at the time he made the affidavit the agent of the defendant, acting within the scope of his authority, there is circumstantial evidence so tending.

We are of the unanimous opinion that the verdict is manifestly against the weight of the evidence, both as to the right of the plaintiff to recover and as to the amount of damages awarded.

For the reasons indicated, the judgment will be reversed and the cause remanded for new trial.

*Judgment reversed and cause remanded.*

RICHARDS and YOUNG, JJ., concur.