## BADER v MILES

Ohio Appeals, 2nd Dist, Montgomery Co

No 1297. Decided Feb 14, 1935

George R. Murray, Dayton, J. H. Shively, Dayton, and Richard L. Withrow, Dayton, for plaintiff in error.

Jacobson & Durst, Dayton, for defendant in error.

114

## OPINION

By KUNKLE, J.

We shall not attempt to review either the evidence or the authorities in detail. It will be unnecessary so to do as counsel are thoroughly familiar with the same. At the trial in the lower court counsel for the defendant submitted three special findings of fact which the court submitted to the jury for answer.

In view of the reference which will hereafter be made to these special findings of fact, we think it proper to state the same in full. They are as follows:

"1. Did the defendant before making the affidavit on June 25, 1932, upon which the prosecution was instituted and during the time of the pendency of the case in Probate Court until its termination on August 16, 1932, have reasonable ground to believe the plaintiff was guilty as charged— supported by circumstances sufficiently strong in themselves to warrant a cautious man in believing that the plaintiff was guilty?

"A. No."

This answer was signed by all twelve of the jurors.

"2. Did the defendant before making the affidavit on June 25, 1932, upon which the prosecution was instituted and during the time of the pendency of the case in police court, until its termination on August 16, 1932, seek and receive the advice of a reputable attorney of the Ohio bar, lay before him the facts and circumstances known to said defendant, request said attorney to advise him in the premises, and in good faith rely and act upon said advice in making said affidavit?

A. Plaintiff did seek advice of reputable attorney but failed to state true facts."

This answer is signed by all twelve of the jurors.

"3. Did the defendant, on June 25, 1932, act maliciously in making said affidavit upon which the prosecution was instituted and in making the prosecution itself until its termination on August 16, 1932?

A. Yes."

This answer is signed by all twelve of the jurors.

In brief the record discloses that the plaintiff and defendant owned adjoining properties on East Third Street in the city of Dayton. The plaintiff owned and lived in the property immediately west of that owned by defendant; that between the residences and on the property of defendant there is a house situated in the rear of the lot and immediately west of such house there is a hedge fence which was planted by the defendant and extends the length of the property owned by the plaintiff and defendant.

This hedge was set out a number of years ago and was trimmed at times by the defendant when plaintiff advised him that the hedge was encroaching upon plaintiff's property. The hedge, however, was permitted to grow until the time in question when it had reached a height as shown by the testimony varying from 7 to 10 feet; that it reached the eaves of the porch on plaintiff's building; that it was lying over the plaintiff's wire fence so as to possibly cause the wire fence to rust and affecting the weather boarding of the store room of plaintiff. The defendant having failed to cut the hedge plaintiff proceeded to trim the same

and while the testimony is somewhat conflicting as to the extent and nature of such trimming, the record and particularly the photographs which have been introduced in evidence show the condition of this hedge and the extent of its encroachment upon the premises of plaintiff. Without attempting to discuss the testimony in detail, we think there is ample evidence in the record which, if believed, warranted the verdict and findings of fact returned by the jury.

The affidavit filed by defendant against plaintiff in the Municipal Court, city of Dayton, criminal division, was based upon §12477 GC.

A copy of the affidavit is set forth in the record and it charges that the property so destroyed was of the value of $25.00. Under the provisions of §12477 GC where one maliciously destroys or injures property to the extent of $100.00 or more he shall be imprisoned in the penitentiary not less than one nor more than seven years, or, if the value is less than that sum he shall be fined not more than $500 or imprisoned not more than 30 days or both. The offense charged in the affidavit therefore would constitute a misdemeanor. Under the averments of the petition there might be some question as to whether recovery was sought for false imprisonment as well as for malicious prosecution but counsel for plaintiff stated in the record that they sought to recover solely for malicious prosecution.

The record discloses that when plaintiff was arrested upon this affidavit he was taken to court and confined in jail for an hour or so until he could secure his release on bond. The case was subsequently heard in Municipal Court and plaintiff was discharged and the case was dismissed.

Counsel for plaintiff in error complain of the charge of the trial court and particularly that portion thereof found on page 160 of the bill of exceptions wherein the court said:

"Now in that connection, members of the jury, it is noted in the record that in the lower court that the defendant was discharged. The court says to you that that is in itself a prima facie case of the lack of probable cause but it is not conclusive."

That subsequently on said page the court stated:

"You will consider, however, the fact that the lower court discharged him as evidence bearing upon the question of whether there was probable cause."

It is seriously contended by counsel for defendant that the affidavit merely charged a misdemeanor; that the Municipal Court was not hearing the case for the purpose of determining whether there was probable cause for the arrest and if so whether he should be bound over to the grand jury, but that the court was hearing the case upon its merits; that is the court was not passing upon the question of probable guilt as in the case of a felony, but was trying and passing upon the actual guilt or innocence of plaintiff.

Assuming for the purposes of this case that the principle of law contended for by counsel for defendant is correct nevertheless it is a well recognized rule that the charge of the court should be read and considered as an entirety and when so read and considered we think the court clearly explained to the jury that the burden was upon the plaintiff to prove want of probable cause and also to prove that the defendant was actuated by malice before the plaintiff could recover. It is impractical to quote the entire charge of the court upon this general subject. The same is found on pages 159, 160, etc., of the bill of exceptions.

On page 159 the court says:

"Probable cause is not a strange term. Men are presumed to act with reason and caution and upon grounds which should actuate reasonable and prudent men, lest the relationship of society shall be disturbed by improper conduct upon the part of one affecting the rights of another. By probable cause, therefore, the court means such cause as would lead a reasonable and prudent person to conclude that an offense had been committed. In trying to determine that element of the case you will consider the conditions and circumstances, the evidence as to what was being done, the relationship of the parties, what passed between them, what the defendant saw, what he did. And then you will inquire and reach a conclusion as to whether or not he acted as a man of ordinary prudence would have acted, whether or not he had reasonable grounds to believe that an offense against the law, involving his property, had been committed.

Now in that connection, members of the jury, it is noted in the record that in the lower court, the Police Court, that the defendant was discharged. The court says to you that that is in itself a prima facie case of the lack of probable cause, **but it is**

not conclusive. It is not required that a man shall prove that another was guilty of an offense before he can be said to have had probable cause for asking for his arrest. It is known and recognized that the processess of the court, the evidence adduced by witnesses and the processes of the law may or may not convict a man. On the other hand, the inquiry here is not as to whether or not he was convicted and held guilty, but as to whether or not the party causing the warrant to issue had reasonable grounds to do so. **You will consider, however, the fact that the lower court discharged him as evidence bearing upon the question of whether there was probable cause. It will be given that weight which in your minds as reasoning men and women it is entitled to receive."** (Black face throughout ours).

"Now, an essential element in a case of malicious prosecution is malice. Malice in law is not strangely different from malice in life, and yet there are two aspects of malice recognized by the law. Malice in legal contemplation is that state of mind in which a person acts with disregard and a lack of consideration for the rights of others, and then in addition to that there is actual malice, that is, that state of mind dictated by hatred or ill will or a spirit of revenge or retaliation. The court might say that one is legal malice, that is, malice taken from the facts of the case or implied by the facts of the case indicating that a person acts in disregard of the ordinary and just rights of another. And the second, actual malice, that he acted through a spirit of hatred or ill will or determination to vent his feelings upon the other person. The burden is on the plaintiff to prove in this case that the prosecution initiated by this defendant was occasioned by malice. * * *

It is not necessary that the plaintiff shall prove the exact shade of feelings, but he must establish that the act complained of was actuated either by malice, express or implied, actual or legal malice."

Without further quoting from the charge of the court, we think when the entire charge is read and considered that it clearly instructed the jury that the burden was upon plaintiff to prove that defendant caused such arrest without having probable cause for so doing and that the burden was also upon the plaintiff to prove that the defendant acted through malice in causing such arrest.

Some criticism is made in reference to the first paragraph of the portion of the charge above quoted but we find nothing therein which we think would contitute prejudicial error. In view of the findings of fact returned by the jury at the request of counsel for defendant and especially the answer to interrogatory number 1 to the effect that the defendant did not have reasonable ground to believe the plaintiff was guilty as charged when the affidavit was filed, and the answer to special interrogatory number 3 to the effect that the defendant acted maliciously in filing said affidavit, we are of opinion that there is nothing in the charge of the trial court which would justify a reviewing court in reversing the judgment because of prejudicial error in such charge.

We have considered the objections raised by counsel for defendant in reference to the admission and rejection of testimony, but find nothing in the record which we consider prejudicial to the rights of the defendant in such respects.

It is also urged that the verdict is against the manifest weight of the evidence. From a consideration of the entire record, we think there is evidence in the record to support the verdict in favor of the plaintiff if such testimony was believed by the jury. It is also claimed that the verdict is excessive.

We have given this question careful consideration. We appreciate the fact that this verdict represents a considerable sum of money to the defendant. Upon the other hand, the jury found that the defendant instituted the prosecution through malice.

There is testimony in the record to support such finding.

If the prosecution was instigated through malice, then the plaintiff would not only be entitled to recover his actual damage but also punitive damages.

Upon consideration, we have reached the conclusion that a reviewing court would not be justified in disturbing the judgment upon the ground that the same was excessive.

We have considered all of the grounds of error urged by counsel for defendant in their brief, but finding no error in the record which we consider prejudicial to the defendant, the judgment will be affirmed.

HORNBECK, PJ, and BARNES, J, concur in judgment.

HORNBECK, PJ.

I am of opinion that the charge respecting a prima facie case was incorrect. The magistrate had final jurisdiction in the

misdemeanor with which the defendant (the plaintiff in this case) was charged. The question there for determination was his guilt or innocence. The reasonable doubt rule attended and unless overcome by the evidence, the accused must have been acquitted. There may have been probable cause to have lodged the charge against him; the evidence may have preponderated in favor of the prosecution and yet the accused have been properly discharged.

On the other hand, if the magistrate were acting as an examining court, with power only to require the accused to answer to a grand jury, then the test would be whether or not there was probable cause to hold the defendant. So that it was incorrect to charge that the discharge of the plaintiff was prima facie proof of want of probable cause in the prosecution which was instituted against him by the defendant.

The remaining portion of the charge did not modify the incorrect part thereof, but upon the whole case, upon the answer to the interrogatory that the prosecution was malicious and under the proper charge of the court, placing the burden of proof upon the plaintiff, I am satisfied that no prejudicial error resulted to the defendant by the giving of that portion of the charge which we have just discussed.