## CANTON PROVISION CO v ST JOHN

Ohio Appeals, 5th Dist, Stark Co

No 1605.   Decided Jan 28, 1936

Amerman & Mills, Canton, and Black, McCuskey, Ruff & Souers, Canton, for plaintiff in error.

Oscar M. Abt, Canton, and R. J. Van Nostran, Canton, for defendant in error.

**OPINION**

By LEMERT, PJ.

In this case it was alleged by plaintiff that defendant falsely and maliciously, and without probable cause, procured the indictment of plaintiff.

The plaintiff in error herein makes three contentions:

First—That the court should have directed a verdict for the reason that in this case no prosecution was instituted by the defendant company, but that the matter was entirely in the hands of the Prosecuting Attorney.

Second—That the verdict was against the manifest weight of the evidence.

Third—That the court erred in its charge to the jury.

On the first proposition it seems to be the theory of defendant that the appearance of Mr. Denman before the grand jury could not be the basis of an action for malicious prosecution. On this proposition we need only quote from **25 O. Juris., page 951, §76,** wherein it is stated:

"Where it is shown that the defendant caused the arrest of plaintiff it is reversib'e error for the trial judge to direct a verdict for the defendant, and thus take from the jury the question of probable cause and damage."

In the case of **Royal Indemnity Company v Heier, 14 Abs, page 47,** we find the following:

"Evidence that agent of indemnity company * * * and attorney who represented the indemnity company * * * instigated a prosecution for forgery against the contractor growing out of the job in which the bond was given, is sufficient to warrant a jury in finding that the agent and attorney were acting for the indemnity company, in an action for malicious prosecution, although the attorney was also acting in another capacity in dealing with the contractor."

"The question of the responsibility of a principal for a malicious prosecution instigated by an agent is one for the jury, where it is evident that the principal was instrumental in causing the prosecution."

We note from the record in this case that the Board of Directors held a meeting with respect to dealing with and proceeding against Mr. St. John and instructed Mr. Denman to take it to the authorities for the purposes of prosecution, and that through their own acts and the instrumentality of their agent Denman caused and procured the indictment of plaintiff.

In the case of **Koch v Pond, 19 Oh Ap, page 1, (2 Abs 277)** it was held:

"When the fact of the arrest and imprisonment is established, and his discharge without punishment is likewise estab'ished, the plaintiff has established a presumption in his favor, a presumption of mixed fact and law that such imprisonment was unlawful, and that is sufficient to constitute what may be termed a prima facie case, which satisfies the burden of proof which rests upon the plaintiff in that regard."

Defendant's motion for a directed verdict also set forth that said motion shou'd be sustained for failure to show probable cause and lack of malice. In the case of **Royal Indemnity Company v Heier, 14 Oh Ap,** it is definitely held that the question of the existence of probable cause and malice in an action for malicious prosecution is one for the jury. So that in an action for malicious prosecution, the conclusion being that defendant caused arrest of plaintiff being warranted, it becomes a question for the jury to determine whether or not there was probable cause.

On the second proposition, that the verdict was against the manifest weight of the evidence, it became essential for the plaintiff to prove two things: (1) Want of prob-

able cause. (2) Malice, either express or implied.

If want of probable cause is proven, the legal inference may be drawn that the proceedings were actuated by malice. Probable cause is defined as a reasonable ground to warrant a cautious person in the belief that a person accused is guilty of the offense with which he is charged. But the mere belief of the defendant that he had reasonable cause for prosecuting plaintiff is not sufficient to show probable cause. It must be an honest and sincere belief and must be based upon reasonable grounds. O. Juris., Vol. 25, Page 895, §25.

We note that the court at the instance of defendant specifically addressed to the jury defendant's written request before argument, being Number One, the proposition that if the jury found that plaintiff, Donald St. John, appropriated any money which came into his hands as a result of his employment with The Canton Provision Company, and which belonged to The Canton Provision Company, that the verdict must be for the defendant. It is fair to presume that since this request was with the jury in the jury room that it specifically considered this proposition, and of necessity it found that plaintiff did not appropriate any money belonging to defendant, for which it was his duty to account, otherwise the verdict would have been for the defendant. In other words, the jury in the instant case found plaintiff not guilty, and innocent of any misconduct, and the innocence of plaintiff is an element which tends to show want of probable cause.

It is further contended that the defendant sought the advice of both private and public counsel and that this constituted a complete defense. There might be some force to this contention if the same comported with the facts in this case. However, the record in the instant case discloses that no officer or director of the company ever consulted with any counsel; that the Directors determined to bring the matter to the grand jury before Mr. Denman, its agent, talked to Mr. Ruff or the prosecutor. Advice of counsel is not a defense to an action for malicious prosecution unless the circumstances are fully stated, and all facts given to counsel, and not then, as a matter of law; and the effect of advice of counsel as a defense to an action for malicious prosecution is a question for the jury.

The third complaint is made to the charge of the court. We note that there were four separate special requests made on behalf of the defendant before argument, which the jury had with it in considering this case, Request Number Three being:

"I charge you as a matter of law that probable cause is reasonable ground of suspicion supported by facts sufficiently strong in themselves to warrant a cautious man in his belief that the person accused is guilty of the offense with which he is charged. It does not depend upon the guilt, or innocence of the accused person or upon the fact as to whether or not a crime has been committed. This rule is founded upon grounds of public policy, in order to encourage the exposure and punishment of crime. Public policy requires that a person should be protected who in good faith and upon reasonable grounds causes an arrest upon a criminal charge, and the law will not subject him to liability therefor."

And the court further charged Request Number Four, which is as follows:
"If you find by a preponderance of the evidence that Mr. Smith, representing the Indemnity Insurance Company of North America, one of the named defendants herein, and Mr. Denman, representing The Canton Provision Company, consulted Walter Ruff, an attorney at this bar, who directed them to the prosecuting attorney, and that said Smith or Denman consulted with the prosecuting attorney concerning the guilt of plaintiff, Donald St. John, and that said prosecuting attorney took charge of said case, and under his advice and direction an indictment was returned against this plaintiff, Donald St. John, and that the prosecuting attorney had full charge and control of said prosecution, your verdict must be for the defendant."

Taking these requests in conjunction with the court's general charge, we are of the opinion that the court's charge was eminently fair to the defendant and if there was any prejudice in the charge of the court, it was in favor of the defendant below and not the plaintiff.

Finding no error herein, the finding and judgment of the court below will be and the same is hereby affirmed. Exceptions may be noted.

MONTGOMERY and SHERICK, JJ, concur.