**KINTNER, Plaintiff-Appellee v CHEEKS, Defendant-Appellant.**

Ohio Appeals, 8th District, Cuyahoga County.

No. 18779. Decided October 13, 1942.

I. Greenwald, Cleveland, for plaintiff-appellee.
Clyde C. Perry and Jos. S. Nuccio, for defendant-appellant.

## OPINION

**By SKEEL, J.**

This action comes into this court on an appeal from a judgment of the Court of Common Pleas in favor of the plaintiff-appellee, the action being one in malicious prosecution.

The plaintiff-appellee had parked his automobile at the south curb of Central Avenue between East 57th and East 59th Streets. Central Avenue runs in an easterly and westerly direction. The defendant-appellant was driving easterly on Central Avenue and was about to pass the place where the plaintiff's car was parked, when without looking, the plaintiff started his car and turned into the defendant's path whereby a collision occurred and the defendant's car was damaged.

The plaintiff at first denied liability but upon being informed by the police upon their arrival at the scene of the accident that the defendant had the right of way, plaintiff admitted his fault and agreed to pay the damage sustained by the defendant. The car was taken to a garage agreed upon by the parties and the plaintiff agreed to pay the bill.

The plaintiff was not satisfied with the work when it was completed and had further repairs made. He then demanded that the plaintiff pay the bill for the additional work which was about $50.00. Upon the plaintiff's refusal to pay the additional charge the defendant brought an action in the Municipal Court. Upon trial of this action, which was filed on the conciliation docket of the court, the court found against the defendant herein. Whereupon this de-

fendant went to the police prosecutor's office and swore to an affidavit charging Kintner with careless driving. Thereupon a warrant was issued and Kintner was arrested upon the defendant's complaint and trial had which resulted in a judgment of not guilty. The plaintiff, Kintner, then instituted the instant case against the defendant.

It is the claim of the appellant that the judgment entered upon the verdict is contrary to law and not sustained by the evidence, and that the court erred in not granting defendant's motion for a directed verdict at the end of plaintiff's case.

We will consider the second of these two principal assignments of error first.

The record clearly discloses that after the court overruled the defendant's motion for judgment at the conclusion of the plaintiff's case, the defendant proceeded with his defense and that the motion for judgment was not renewed at the conclusion of receiving all the evidence and before submission of the case to the jury. The defendant thereby waived any claim of error because of the failure of the court to grant his motion for judgment at the conclusion of the plaintiff's case. O. Jur., Vol. 39, page 872, ¶216: Traction Company v Durack, Admr., 78 Oh St, 243.

We conclude, therefore, that whatever error was committed in overruling the defendant's motion for judgment, was waived by proceeding with the case.

The remaining question before us is whether or not, as a matter of law, the defendant is entitled to judgment upon the record.

From the evidence it is clearly established that the plaintiff was guilty of careless driving. The fact that he was found not guilty when tried upon the charge filed against him at the instance of the defendant, is of no great importance, except as it bears on the question of malice. We are concerned only as to whether or not the defendant had reasonable grounds to believe at the time he swore to the affidavit causing the plaintiff's arrest and trial, that he was guilty of the crime charged in the affidavit. Probable cause is one of belief founded upon reasonable grounds.

The plaintiff on cross-examination, testified in part as follows:

"Q. Now did you see the defendant's car at all until the accident happened?

A. I did not.

Q. And in pulling out into the street and causing this accident you knew that the accident was caused by the negligence on your part?

A. I don't realize it at the moment. * * *

Q. When did you realize it?

A. Well, the police really convinced me, regardless who was to blame, that Mr. Cheeks had the right of way and that was when I consented to pay the damages for the car."

There is no evidence in the record which in the slightest degree seeks to contradict what the plaintiff thus said about his own conduct in causing the accident and reasonable minds when considering it from the most favorable light toward the plaintiff, could come to no other reasonable conclusion than that he was guilty of careless driving. But this is not all. Plaintiff's counsel, when his client was being questioned further upon the point, entered the following admission into the record:

"If the court please, for the purpose of the record, we will admit that the accident was caused; that we were legally responsible, civilly responsible for the damages that issued from the accident; we will admit that for the purposes of the record."

From the plaintiff's evidence, such an admission was entirely justified and under the facts of this case as thus established by the plaintiff's evidence, an admission of being liable civilly is tantamount to being an admission of being guilty of careless driving, as charged by the defendant in causing the plaintiff's arrest.

The guilt of the plaintiff of the crime for which the defendant caused his arrest and trial, being established, it must follow as night the day that there was probable cause for the defendant to act.

In 25 O. Jur., page 899, ¶28, under the heading of "Malicious Prosecution" we find the rule stated as follows:

"It is obvious that if the guilt of the plaintiff of the crime charged is established in an action for malicious prosecution, there is probable cause for the prosecution. Such guilt may be shown by conviction in a criminal case, * * * It may also be shown notwithstanding his acquittal in the criminal case. * * *."

This question was directly involved in the case of Whipple v Zursuch, 101 S. W., 735, (Supreme Court of Arkansas) where the court held that in an action for malicious prosecution proof of the plaintiff's guilt as to the offense charged is a complete defense and where actual guilt is not shown, if probable cause is established, it will relieve the prosecutor from liability. The court also held that where the facts relied upon to constitute probable cause on the part of the defendant in a malicious prosecution case, are undisputed, the question becomes one of law for the court. The court in the body of its opinion on page 736 of the report, said:

"The first question presented for our consideration is whether the plaintiff had the legal right to tear down the sign, and if not, whether she was guilty of a criminal offense in so doing, for if she did not have the legal right to tear it down, the trial court erred in instructing the jury that she did have such right and if she was

guilty of a criminal offense in tearing down the sign, the prosecution was well founded; no action can be maintained whatever may have been the motive which prompted it and a peremptory instruction should have been given in favor of the defendant. Proof of the plaintiff's actual guilt of the offense charge is a complete defense to an action to recover damages for a malicious prosecution for the offense."

See also: Wells v National Surety Co., 149 Mo. Ap, 389; 184 S. W., 474, and Page et v Wilson, 168 Va., 447; 191 S. E., 678; Parkhurst v Marsteller, 57 Iowa, 474.

Having concluded that the record discloses as a matter of law that probable cause for causing the arrest of the plaintiff was established, does that fact that the defendant may have acted from improper motives make out a case of malicious prosecution? We think not. It is the duty of every citizen to give assistance to the government in the enforcement of the law. Crimes are public wrongs and if such wrongs go unpunished the public peace and security is undermined. Therefore, even though the defendant may have acted, not to maintain law and order, but rather to seek restitution for his personal loss caused by the plaintiff's misconduct, the plaintiff being guilty of a public wrong should not be permitted to seek damages from one who thus brings him to justice.

In **25 O. Jur., page 893, ¶23**, under the heading of Malicious Prosecution, the rule is stated as follows:

"* * * Want of probable cause is one of the ingredients of the plaintiff's case and one of the grounds of his action. The absence of reasonable and probable cause is the real gist of the action even though malice is also an essential element. Therefore, it is the universal rule that to sustain an action for malicious prosecution, a want of probable cause must be shown, which must concur with malice. But probable cause is distinct from malice; if the probability of the plaintiff's guilt appears to ʌne defendant, whether there is malice or improper motive is immaterial."

The judgment of the Court oᴧ Common Pleas is therefore reversed and final judgment entered for the defendant.

MORGAN, J., concurs.

LIEGHLEY, P. J., dissents.