**BOUSE, Jr., Plaintiff, v. LICHOTA, Defendant.**

Common Pleas Court, Cuyahoga County.

No. 658044. Decided June 7, 1957.

Krewson & Williams, for plaintiff.
Carl A. Mintz, for defendant.

## OPINION

By BLYTHIN, J., (Orally).

We have here, Gentlemen, an action for malicious prosecution, growing out of an arrest for conversion, followed by a finding of guilt by the Municipal Court of Cleveland, followed by a reversal of that finding of the Municipal Court by the Court of Appeals of the 8th District, finally discharging the Defendant in that proceeding, and that Defendant, being the Plaintiff in this action, bringing his action of malicious prosecution against the Defendant here who signed the affidavit which led to the warrant and arrest.

The question before the Court now is the question of whether or not the Defendant is entitled to have this matter entirely arrested from the consideration of the jury and final judgment rendered for the Defendant.

One of the basic grounds, perhaps almost the principal one, or basic requirement necessary to bring a successful action for malicious prosecution is a showing that the prosecution has finally terminated favorably to the party being prosecuted. That has happened here. Beyond that a question of the guilt or innocence of the person accused of the crime has practically nothing to do with the case. In other words, his guilt or innocence is not an issue in a malicious prosecution action.

At least three elements are required in the successful prosecution of a malicious prosecution.

First, that there be a lack of probable cause.

Second, that there be malice, and, of course,

Third, that there be damage.

We are not concerned at the moment with the question of damage at all. There is evidence of damage in this case.

I will deal first with the question of malice. It is the burden of Plaintiff to affirmatively show malice. The Court is of the opinion that there is no such evidence in this case at all for the Court to leave anything to the jury to determine on the question of the existence of malice. But be that so or not, we get down to the next question. That is the question that a conviction was had in the Municipal Court of Cleveland, completely barring Plaintiff here from his action for malicious prosecution, even though that finding was reversed in the Appellate Court.

The Court has examined some authorities last evening and this morning, somewhat beyond those cited to the Court, and is thoroughly convinced that a finding of guilt by a court of competent jurisdiction, and having jurisdiction to dispose of the matter on its merits, raises a

318

conclusive presumption of probable cause. And that is the situation here. In modern text, and I am not going to refer to it at any length beyond quoting the pronouncement of the various courts of the states of the Union. This Court thinks the matter has been settled long ago by the Supreme Court of the United States, 120 U. S. Reports, 141, in Crescent v. Butchers Union, and I would like to read just one paragraph of the syllabi of that case:

"The question of probable cause is a question of law, where the facts are undisputed; (the facts are fully undisputed on that question here)—and the judgment of the Court, in favor of the Plaintiff, is conclusive proof of probable cause for prosecution of the suit alleged to be malicious, notwithstanding its subsequent reversal by an Appellate Court, unless it is shown to have been obtained by means of fraud.

"This ruling seems to reconcile the apparent contradiction in the authorities, is well grounded, in reason, fair and just to the parties and consistent to the principles on which an action for malicious prosecution is founded."

In this action the Supreme Court of the United States reversed the Supreme Court of the State of Louisiana.

This is an 18 or 20-page opinion and on page 159, just before the closing of the statement of its decision, the Supreme Court says:

"But the ruling question, which declares that the judgment or decree of a court having jurisdiction of the parties and of the subject matter, in favor of the Plaintiff, is sufficient evidence of probable cause for its institution, although subsequently reversed by an Appellate tribunal was not out of any special regard for the person of the party. As we have already seen it will avail him as a complete defense in an action for malicious prosecution although it may appear that he brought his suit maliciously for the mere purpose of vexing, harassing, and injuring his adversary. The rule is founded on the deeper ground of public policy in vindication of the dignity and of the authority of judicial tribunals constituted for the purpose of administering justice according to law and in order that their judgment and discretion may be invested with all force and sanctity, and which shall be a shield and protection to all parties and persons in privity with them. The rule, therefore, has respect to the court and to its judgment, not to the parties, and no misconduct or demerit on their part, except fraud in procuring the judgment itself, can be permitted to detract from its force."

This case has been cited by a large number of state tribunals and courts of last resort in a number of the states, and the Court is thoroughly satisfied that it states the rule in the United States.

The Court finds no clear pronouncement on the question in Ohio, but the Court will hold, in order to make his ruling quite pointed, that a finding of guilty by the trial court having jurisdiction to make a final decision, even though that final decision later be reversed by a reviewing court, is conclusive against right to bring a malicious prosecution, so the motion will have to be sustained.

Judgment will be rendered for the Defendant, and exceptions noted for the Plaintiff.