BRYANT, P. J., and DUFFY, J., concur.
MILLER, J., not participating.

VESEY, APPELLANT, *v.* CONNALLY ET AL., APPELLEES.

(No. 5230—Decided January 11, 1960.)

Mr. *Robert Z. Kaplan*, for appellant.
Mr. *William D. Driscoll*, for appellees.

FESS, J. This is an appeal on questions of law from a judgment dismissing the petition after sustaining a demurrer thereto.

Plaintiff brought his action for malicious prosecution against the defendant Connally, a police officer of the city of Toledo, and the defendant Derr. In his second amended petition plaintiff in substance alleges that on April 28, 1957, while parking his automobile, he accidentally and unintentionally bumped the bumper of the defendant Derr's automobile, without damage thereto; that on April 30th, defendant Connally falsely and maliciously induced and compelled the defendant Derr to sign an affidavit accusing plaintiff of having violated ordinances Nos. 21-4-2 and 21-6-8 of the Toledo Municipal Code, for

the reason that plaintiff had refused to fill out an accident report.  After incorporation in his petition of the provisions of the aforesaid sections relating to remaining at the scene of an accident, giving the driver's name and address, etc., and driving without due regard, plaintiff further alleges that on May 1, 1957, plaintiff was arrested, fingerprinted, booked and jailed until he was able to raise and post bond.  He further alleges that in the Toledo Municipal Court he was found guilty of the aforesaid two charges and subsequent thereto was completely exonerated and discharged by order of the Common Pleas Court of Lucas County, Ohio, finding that the judgment and sentence aforesaid be reversed and held for naught.  Plaintiff further says that by reason of the false and malicious prosecution, all of which was without probable cause, plaintiff has been seriously damaged in reputation, with resulting humiliation and anxiety preventing him from attending his profession, and has continued to suffer severe headaches and insomnia as a result of the strain thereof.  He further says that by reason of the spiteful, false and malicious prosecution, actuated and motivated by the ill-will of the defendants separately and in concert, he is entitled to punitive damages and prays for a judgment in the sum of $50,000 and costs.

With respect to the liability of the defendant Connally as a police officer, it seems to be the rule in Ohio that such an officer may be held liable in an action for malicious prosecution. *Britton* v. *Granger*, 13 C. C., 281; *Neff* v. *Palmer* (Com. Pleas), 78 Ohio Law Abs., 34, 152 N. E. (2d), 719, affirmed (App.), 78 Ohio Law Abs., 58, 151 N. E. (2d), 390.  Cf. *Ryan* v. *Conover*, 59 Ohio App., 361.  But it is possible that because of the circumstances under which an officer acts he may be held to a less degree of care in determining whether there is probable cause for the arrest than in the case of an ordinary person.  Cf. 35 Ohio Jurisprudence (2d), 152, 153, Section 29, and 163, Section 42.

With respect to the initial conviction of the defendant and its subsequent reversal by the Common Pleas Court, it should be pointed out that the mere fact that the plaintiff was acquitted in a criminal prosecution does not, *ipso facto*, negative probable cause.  *Coleman* v. *Reed Bros. & Co.*, 18 Ohio App.,

316; *John Bright Shoe Stores Co.* v. *Scully*, 24 Ohio App., 15, 156 N. E., 155; Cf. *Kloczko* v. *Bailey Co.* (App.), 26 O. L. R., 534; *Bader* v. *Miles* (App.), 19 Ohio Law Abs., 113; *Britton* v. *Granger, supra*; *Neff* v. *Palmer, supra*. Judicial establishment of the plaintiff's innocence only tends to show want of probable cause and is not, per se, prima facie evidence of want of probable cause for instituting the prosecution. *Canton Provision Co.* v. *St. John*, 52 Ohio App., 507, 3 N. E. (2d), 978; *Nigh* v. *Keifer*, 5 C. C., 1. See, also, *Coleman* v. *Reed Bros. & Co., supra*; *Kintner* v. *Cheeks*, 71 Ohio App., 333, 49 N. E. (2d), 962; *Britton* v. *Granger, supra*. Contra, see *Koch* v. *Tennison*, 19 Ohio App., 239, holding that proof of discharge makes a prima facie case of want of probable cause.

On the other hand, where it appears that the plaintiff in an action for malicious prosecution was convicted in the proceeding complained of, and the judgment has either been sustained upon appeal or has otherwise become final, he must fail not only because of his failure to disclose a termination of the proceeding in his favor but also because the conviction establishes the guilt of the accused and, as a rule, probable cause for his prosecution. *Douglas* v. *Allen*, 56 Ohio St., 156; *Nigh* v. *Keifer, supra*; *Grosse* v. *Oppenheimer*, 11 C. C. (N. S.), 374, affirmed, 81 Ohio St., 487, 91 N. E., 1129; *Neff* v. *Palmer, supra*.

The rule seems to be well settled that the termination of the former action or criminal proceeding must be in favor of the plaintiff in the action for malicious prosecution. *Fortman* v. *Rottier*, 8 Ohio St., 548; *Levering* v. *National Bank of Morrow County*, 87 Ohio St., 117, 100 N. E., 322; *Koch* v. *Tennison, supra*; *Union* v. *United Battery Service Co.*, 35 Ohio App., 68; *Holley* v. *Bradley*, 24 Ohio Law Abs., 132; *Bouse* v. *Lichota*, 76 Ohio Law Abs., 316; *Lieblang* v. *Cleveland Electric Ry. Co.*, 4 C. C. (N. S.), 516; *Hopwood Provision Co.* v. *Joslyn*, 24 C. C. (N. S.), 266. Cf. *Ryan* v. *Conover, supra*; *Brenner* v. *Faulhaber*, 19 C. C. (N. S.), 305; 69 A. L. R., 1062; 52 A. L. R. (2d), 1220.

In the instant case, we are confronted with the problem arising as a result of the reversal in plaintiff's favor by the Common Pleas Court of his former conviction in the Municipal Court. It is said that where the conviction has been set aside

or reversed and is followed by an acquittal, or *nolle prosequi*, the authorities are apparently agreed that the effect of the fact of conviction as showing the existence of probable cause for the prosecution is not destroyed, and that the conviction is admissible in evidence for the purpose of proving probable cause. 35 Ohio Jurisprudence (2d), 155, Section 32, citing 34 American Jurisprudence, 737, Malicious Prosecution, Section 55.

While the authorities outside of Ohio are not agreed as to the conclusiveness of evidence of subsequent reversal or acquittal, it has been held in a nisi prius decision in Ohio that a finding of guilty of a criminal offense by a court having jurisdiction to try and dispose of the case, even though later and finally reversed by a reviewing court, raises a conclusive presumption of probable cause and constitutes a complete defense in a later action for malicious prosecution brought by the defendant in the criminal case against the instigator thereof. *Bouse* v. *Lichota, supra,* upon authority of *Crescent City Live Stock Co.* v. *Butchers' Union Slaughter-House Co.,* 120 U. S., 141, 30 L. Ed., 614, 7 S. Ct., 472. Nevertheless, fraud or unlawful means in securing a conviction which is subsequently reversed on appeal may be shown for the purpose of negativing the existence of probable cause as shown by the conviction. *Grosse* v. *Oppenheimer, supra.* See, also, 97 A. L. R., 1022.

In general throughout the United States, where the complaint on its face shows that plaintiff in an action for malicious prosecution was, in the prosecution complained of, convicted in a lower court, although such conviction was subsequently dismissed by a court of superior jurisdiction, the action will be defeated unless plaintiff alleges and proves further facts tending to impeach the validity of the judgment of conviction and the presumption of probable cause arising therefrom, such as the fact that the conviction was brought about by fraudulent or perjured testimony or through undue or unfair means employed by defendant in the malicious prosecution action, a mere allegation of lack of probable cause being insufficient. 14 A. L. R. (2d), 306.

The further view has been expressed in this connection in a number of cited cases that the facts relied upon to impeach such conviction, such as fraud or other improper means, must

be specifically alleged, a mere allegation of fraud, etc., being alone insufficient. For an early case disclosing circumstances under which the initial conviction was maliciously and vexatiously obtained see *Burt* v. *Place* (1830—New York), 4 Wendell, 591. In a later annotation appearing in 58 A. L. R. (2d), 1426, dealing with prior civil proceedings maliciously instituted, it is said that, by the great weight of authority, unless the judgment or decree in prior civil proceedings adverse to the instant plaintiff in the malicious prosecution was obtained by fraud, forgery or other improper means, the judgment or decree establishes or shows conclusively the existence of probable cause for bringing the prior action, citing, among many cases, *Fortman* v. *Rottier, supra*.

In conclusion, by reason of the failure of the plaintiff in the instant case to allege facts disclosing that his conviction in the Toledo Municipal Court was brought about by fraudulent or perjured testimony, or through undue or unfair means employed by the defendants, his petition does not state a cause of action and the judgment of the Common Pleas Court must be affirmed.

*Judgment affirmed.*

SMITH and DEEDS, JJ., concur.