PORTIS ET AL., APPELLANTS, *v.*
TRANSOHIO SAVINGS BANK ET AL.,
APPELLEES.

(No. 13295—Decided
March 9, 1988.)

*Ralph A. Capriolo,* for appellants.
*Kurt Weitendorf,* for appellees.

CACIOPPO, J. Plaintiffs-appellants, Patricia and Michael Portis, appeal the trial court's grant of summary judgment against them on a claim for malicious prosecution and loss of consortium. The facts giving rise to this appeal are as follows. On May 24, 1984, Patricia Portis issued a check in the amount of $200 drawn on her MasterCard account at First Federal

Savings & Loan of Canton ("First Federal"). She deposited the check in her checking account at TransOhio Savings Bank in Akron ("TransOhio"). On May 29, TransOhio presented the check for payment; First Federal returned the check to TransOhio stamped "N.S.F."

Patricia was contacted by TransOhio on June 2 and made arrangements to satisfy the overdraft condition. Patricia made several small installments on the debt which were accepted by TransOhio. TransOhio filed a charge of passing bad checks, a violation of R.C. 2913.11, in the Akron Municipal Court on August 16, 1984.

On November 28, 1984, a jury verdict of guilty was entered against Patricia. She appealed to this court, asserting three assignments of error. *State* v. *Portis* (July 24, 1985), Summit App. No. 12057, unreported. We sustained the assigned errors relating to inadequate jury instructions and the refusal to permit counsel to make an opening statement. We overruled the third assignment of error on the denial of a Crim. R. 29 motion for acquittal at the close of the state's case. Our conclusion was that the evidence presented up to that point "was sufficient to sustain a conviction of issuing a check with the purpose to defraud, knowing that it would be dishonored." *Id.* at 7. The case was reversed and remanded.

After a second trial, Patricia was found not guilty. In December 1986, she and her husband filed a complaint for malicious prosecution and loss of consortium against TransOhio and its manager, Alvin Clar, defendants-appellees. The defendants filed a motion for summary judgment. The trial court granted the motion based upon the language in this court's opinion, *supra,* that the evidence was sufficient to sustain a conviction. The journal entry stated that this court's "finding" on the matter enabled the trial court to find, as a matter of law, that probable cause existed. Patricia and Michael Portis now appeal.

## Assignment of Error

"That the common pleas court erred in granting the motion for summary judgment in favor of defendants and against plaintiffs."

"In order to recover in an action for malicious prosecution, the plaintiff must establish malice in instituting the prosecution, lack of probable cause, and termination of the prosecution in favor of the defendant." *Iacono* v. *Sawyer* (Jan. 13, 1988), Summit App. No. 13059, unreported, citing *Rogers* v. *Barbera* (1960), 170 Ohio St. 241, 10 O.O. 2d 248, 164 N.E. 2d 162, paragraph one of the syllabus, and *Adamson* v. *May Co.* (1982), 8 Ohio App. 3d 266, 267, 8 OBR 358, 359, 456 N.E. 2d 1212, 1214. The want of probable cause is the gist of the action. *Melanowski* v. *Judy* (1921), 102 Ohio St. 153, 131 N.E. 360, paragraph one of the syllabus.

A defendant with a reasonable ground of suspicion, supported by circumstances sufficiently strong in themselves to warrant a cautious man in the belief that the person accused is guilty of the offense charged, meets the requirement of probable cause. *Ash* v. *Marlow* (1851), 20 Ohio 119, paragraph one of the syllabus; *Iacono, supra.* However, the defendant's conduct should be measured in light of his situation and the facts and circumstances he knew or reasonably should have known at the time he filed the criminal complaint. *Melanowski, supra,* paragraph two of the syllabus; *Iacono, supra.* While the issue of probable cause is ordinarily one for the jury, *Ash, supra,* the court must decide it where the evidence is such that reasonable minds can come to but one conclusion, *Iacono, supra.*

Patricia Portis was charged with violating R.C. 2913.11, which provides, in pertinent part:

"(A) No person, with purpose to defraud, shall issue or transfer or cause to be issued or transferred a check or other negotiable instrument, knowing that it will be dishonored.

"(B) For purposes of this section, a person who issues or transfers a check or negotiable instrument is presumed to know that it will be dishonored, if * * *:

"* * *

"(2) The check or instrument was properly refused payment for insufficient funds upon presentment within thirty days after issue or the stated date, whichever is later, and the liability of the drawer, indorser, or any party who may be liable thereon is not discharged by payment or satisfaction within ten days after receiving notice of dishonor."

Appellants contend that their response to the motion for summary judgment "set out an extensive analysis of the events and actions of appellees that demonstrate a lack of probable cause when the original criminal proceeding was started." Appellants have apparently confused the element of malice with the element of probable cause.

Their analysis shows that Patricia and TransOhio entered into an arrangement allowing her to repay the money in installments. The fact remained, however, that she had failed to repay within ten days of the notice of dishonor, as provided in the statute. The language in our prior opinion, upon which the trial court relied, can be put into better context by referring to the facts as stated there:

"The State's evidence was to the effect appellant had issued a check for $200 on her Master Card Account at First Federal Savings and Loan in Canton. She deposited the check in her overdrawn checking account at TransOhio Savings Bank in Akron. It was submitted by TransOhio to First Federal for payment and returned 'N.S.F.' within thirty days of its issuance and appellant's liability was not discharged by payment or satisfaction within ten days after she received notice of dishonor." *State* v. *Portis, supra,* at 7.

These were the facts which gave rise to probable cause to institute criminal charges; these facts were never disputed by the appellants at either trial, or in the response to the motion for summary judgment. While the actions of the appellees could be viewed as malicious in light of the agreement they made, it is the language of the statute at issue in this case which controls the existence of probable cause.

The assignment of error is overruled and the judgment is affirmed.

*Judgment affirmed.*

BAIRD, P.J., concurs.

QUILLIN, J., concurs in judgment only.