Mark J. EYER, et al., Plaintiffs,

v.

CITY OF REYNOLDSBURG, et al., Defendants.

No. C2–89–1069.

United States District Court,
S.D. Ohio, E.D.

Feb. 11, 1991.

Frederick Leslie Baker, Westerville, Ohio, for plaintiffs.

---

James Douglas Colner, Columbus, Ohio, for City of Reynoldsburg, Reynoldsburg Police Dept., Robert McPherson, Shelly Hofmann and Jess Moore.

Robert Washburn, Jr., Columbus, Ohio, for Mark Rugare.

## OPINION AND ORDER

GEORGE C. SMITH, District Judge.

This matter is before the Court pursuant to the motion filed by the defendants on July 19, 1990 for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure. Plaintiffs, Mark J. Eyer and Kitty I. Guinsler, initiated this action under 42 U.S.C. § 1983 on December 29, 1989. For the foregoing reasons, the defendant's motion is hereby GRANTED in part and DENIED in part.

## FACTS

On July 16, 1987, Plaintiff Mark J. Eyer was arrested on charges of aggravated burglary and drug abuse by the Reynoldsburg, Ohio Police Department. On March 30, 1988, a trial was conducted in the Franklin County Court of Common Pleas. Near the conclusion of the first day of trial, the Assistant Prosecuting Attorney offered Eyer the opportunity to plead to a lesser charge. Acting with the advice of counsel, Eyer entered a plea of guilty to charges of trespass and attempted drug abuse. (Case # 87CR–07–2346). As a result of the guilty plea, Eyer was placed under a legal disability, preventing him from owning or carrying a firearm. Despite this prohibition, Eyer was employed with a local security agency which required the carrying of a firearm.[1] Because of his concern, Eyer consulted with his probation officer, Pat Griffin, as to whether he could in fact carry the firearm. Apparently, Mr. Griffin told him that it was permissible, but only while he was performing his job.

On April 29, 1988, Officer Shelly Hoffman of the Reynoldsburg Animal Control Office personally served Eyer with a notice of noxious odors at 6348 Brauning St., Reynoldsburg, Ohio. Although Eyer resided at this address, the house was owned in title by Kitty I. Guinsler. Officer Hoffman requested entrance onto the premises and Mr. Eyer permitted her to enter the house. While serving the notice, Officer Hoffman observed a revolver lying on the plaintiff's kitchen table. Upon leaving the residence, Officer Hoffman notified Defendant Police Officer Mark Rugare of her observations. Acting upon this information, Officer Rugare obtained a search warrant and proceeded to execute a search of the premises on that same day. When the police arrived at the residence, there was apparently no answer and they were required to force their way into the home. Eyer had apparently been asleep and was required to remain face down while the police department conducted their search. The search resulted in the seizure of among other things, six firearms and a specified quantity of lysergic acid diethylamid ("LSD").

Plaintiff Eyer was arrested by the Reynoldsburg Police Department and subsequently indicted by the Franklin County Grand Jury. On June 17, 1988, Plaintiff Eyer was convicted on charges of drug abuse, and possession of a weapon while under a disability by plaintiff's voluntary entry of a guilty plea.

Plaintiffs filed the instant action on December 29, 1989, claiming a violation of their constitutional rights under 42 U.S.C. § 1983 as a direct result of defendants' conduct. All defendants have moved for summary judgment in this matter.

## STANDARD OF REVIEW

In considering this motion, the Court is mindful that the standard for summary judgment "mirrors the standard for a directed verdict under [Rule 50(a)], which is that the trial judge must direct a verdict if, under the governing law, there can be but one reasonable conclusion as to the verdict." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 106 S.Ct. 2505, 91 L.Ed.2d 202

1. Both parties are in dispute concerning the fact of when Eyer was initially employed with the security agency. While plaintiff claims that he had been employed prior to his arrest, defendants maintain that he sought such employment only after his conviction.

(1986) citing *Brady v. Southern Ry. Co.*, 320 U.S. 476, 479–480, 64 S.Ct. 232, 234–235, 88 L.Ed. 239 (1943). Thus, the Supreme Court concluded in *Anderson* that a judge considering a motion for summary judgment must "ask himself not whether he thinks the evidence unmistakably favors one side or the other but whether a fair minded jury could return a verdict for the plaintiff on the evidence presented." 477 U.S. at 252, 106 S.Ct. at 2512.

Rule 56(c) of the Federal Rules of Civil Procedure provides in pertinent part:

> The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.

In essence, the inquiry is whether the evidence presented a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law. *Anderson*, 477 U.S. at 252, 106 S.Ct. at 2512.

 Such an inquiry necessarily implicates the evidentiary standard of proof that would apply at the trial on the merits. As a result, the Court must view the evidence presented through the prism of the substantive evidentiary burden. Rule 56(e) therefore requires that the nonmoving party go beyond the pleadings and by their own affidavits, or by the depositions, answers to interrogatories, and admissions on file, designate specific facts showing that there is a genuine issue for trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 324, 106 S.Ct. 2548, 2553, 91 L.Ed.2d 265 (1986). The plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a show-

ing sufficient to establish an element essential to that party's case, and on which that party will bear the burden of proof at trial. *Id.* at 322, 106 S.Ct. at 2552.

In *Banks v. Rockwell International N. Am. Aircraft Operations*, 666 F.Supp. 1053 (S.D.Ohio 1987) (J. Graham), this district enunciated the importance of granting summary judgments in appropriate situations by stating that: "Although summary judgment should be cautiously invoked, it is an integral part of the Federal Rules which are designed to secure the just, speedy and inexpensive determination of every action." *citing, Celotex Corp. v. Catrett*, 477 U.S. at 324, 106 S.Ct. at 2553, (quoting Fed.R.Civ.P. 1) *Anderson*, 477 U.S. at 252, 106 S.Ct. at 2512.

Thus, the mere existence of a scintilla of evidence in support of a plaintiff's claim is insufficient—there must be evidence upon which a jury could reasonably find for the plaintiff. Having discussed the Rule 56 standard of review, the Court now turns to the merits.

## LAW AND ANALYSIS

### I. *Plaintiff's State Law Cause of Action*

The first question before the Court is whether the plaintiffs have alleged or have the ability to maintain a cause of action under state law. In reviewing the allegations contained in Plaintiffs Complaint, the Court is of the opinion that Plaintiffs have failed to allege a cause of action other than a claim for relief under 42 U.S.C. § 1983.[2] More simply stated, the complaint raises no state cause of action cognizable at law. Although the allegations in the Complaint are at most suggestive that this is an action for malicious prosecution, the plaintiffs fail to plead any of the elements necessary for the maintenance of such an action.[3]

---

**2.** The plaintiffs even concede in their reply papers that the instant action is predicated solely upon a violation of their constitutional rights under 42 U.S.C. Section 1983.

**3.** Under Ohio Law, the necessary elements for a cause of action for malicous prosecution are: "(1) malice in instituting ... the prosecution, (2) lack of probable cause, and (3) determination of

the action in favor of the defendant". *Rogers v. Barbera*, 170 Ohio St. 241, 164 N.E.2d 162 (1960), paragraph one of the syllabus, see also *Portis v. Trans Ohio Savings Bank*, 46 Ohio App.3d 69, 70, 545 N.E.2d 923 (1988); *Adamson v. May*, 8 Ohio App.3d 266, 267, 456 N.E.2d 1212 (1982).

Even if the Court were to go so far as to assume that the plaintiffs have sufficiently alleged a cause of action for malicious prosecution, their ability to maintain such a cause of action is unfounded since the gist of such a claim turns on whether there is "want of probable cause". *Portis v. Trans Ohio Savings Bank*, 46 Ohio App.3d 69, 70, 545 N.E.2d 923 (1988), *citing, Melanowski v. Judy*, 102 Ohio St. 153, 131 N.E. 360 (1921), paragraph one of the syllabus. Clearly, the plaintiff's conviction in the Franklin County Court of Common Pleas, by reason of his voluntary guilty plea, negates the essential element of "want of probable cause", necessary to the maintenance of this cause of action. *Courtney v. Rice*, 46 Ohio App.3d 133, 136, 546 N.E.2d 461 (1988), *citing, Vessey v. Connally*, 112 Ohio App. 225, 228, 175 N.E.2d 876 (1960) (a finding of guilt in a criminal offense raises a conclusive presumption of probable cause, constituting a complete defense in a later action for malicious prosecution).

Accordingly, Plaintiff's Complaint alleges no cause of action under state law and is therefore specifically limited to their cause of action for relief under 42 U.S.C. Section 1983.

## II. *Plaintiffs Section 1983 Claim and Collateral Estoppel*

The second question before the court is whether the defendants are correct in stating that Plaintiff's § 1983 claim is barred by the doctrine of colateral estoppel/issue preclusion. Defendants maintain that Plaintiff Eyer's voluntary plea of guilty in the Franklin County Court of Common Pleas bars the plaintiffs from relitigating the issue of whether their conduct was taken properly, so as not to have deprived them of their constitutional rights.

In *Allen v. McCurry*, 449 U.S. 90, 97, 101 S.Ct. 411, 416, 66 L.Ed.2d 308 (1980), the Supreme Court made it clear that the language of § 1983 and its legisla-

tive history presented no categorical bar to the application of normal principles of *res judicata* and collateral estoppel. In an action under 42 U.S.C. § 1983, however, the state court judgment cannot be given preclusive effect unless the party against whom the estoppel is asserted had a "full and fair opportunity" to litigate the issue decided by the court. *Allen*, 449 U.S. at 101, 101 S.Ct. at 418; *see also Walker v. Schaeffer*, 854 F.2d 138, 142 (6th Cir.1988); *Fellowship of Christ Church v. Thorburn*, 758 F.2d 1140, 1144 (6th Cir.1985) (per curiam).

Under the full faith and credit statute, 28 U.S.C. § 1738,[4] the federal courts are bound to give state court judgments the same preclusive effect in the federal court that it would have been given in the rendering state. *Migra v. Warren City School District Board of Education*, 465 U.S. 75, 85, 104 S.Ct. 892, 898, 79 L.Ed.2d 56 (1984); *City of Canton v. Maynard*, 766 F.3d 236, 237 (6th Cir.1985) (per curiam); *Thorburn*, 758 F.2d at 1144. Therefore, the Court is faced with the threshold question of whether Ohio law would preclude relitigation of these issues by the plaintiff. Under Ohio law, the doctrine of collateral estoppel precludes relitigation in a second action, an issue which has been "actually and necessarily litigated and determined" in a prior action between the parties. *Goodson v. McDonough Power Equip, Inc.*, 2 Ohio St.3d 193, 443 N.E.2d 978 (1983).

In *Haring v. Prosise*, 462 U.S. 306, 103 S.Ct. 2368, 76 L.Ed.2d 595 (1983), a claimant initiated an action for damages under 42 U.S.C. § 1983 against officers of the Arlington County Police Force for an alleged illegal search of his apartment. The plaintiff had previously entered a plea of guilty in the state court to manufacturing a controlled substance that was accepted by the trial court. The Supreme Court held unanimously that the plea of guilty entered by the plaintiff was not a bar to his civil action under 42 U.S.C. § 1983 since neither the trial court nor the parties had ever

---

**4.** Title 28 U.S.C. Section 1738 provides, in relevant part, that the "Acts, records and judicial proceedings" of any State, Territory or Possession "shall have the same full faith and credit in every court within the United States and its Territories and Possessions as they have by law or usage in the courts of such State, Territory or Possession from which they are taken."

made a specific determination as to the legality of the actions of the police department. *Id.* 462 U.S. at 316, 103 S.Ct. at 2374; *see also, Vinson v. Campbell County Fiscal Court,* 820 F.2d 194, 197 (6th Cir.1987); *Slayton v. Willingham,* 726 F.2d 631, 634 (10th Cir.1984) (per curiam).

■ The application of the foregoing principles leads the Court to the ultimate conclusion that the holding in *Haring* as well as Ohio law would not permit the application of collateral estoppel to the issue of police action in this case. First of all, the propriety of the defendant's actions was never "actually litigated" in the state court criminal proceedings. The fact that Eyer entered a plea of guilty following his first day of trial prevented the parties from presenting as well as contesting evidence surrounding the police department's actions. In addition, the state trial court never had the opportunity in the criminal proceeding to make an actual determination as to the legality of the defendant's conduct since the plea of guilt was entered prior to any court decision.[5] *Haring,* 462 U.S. at 316, 103 S.Ct. at 2374 ("Indeed, no issue was actually litigated in the state proceeding since Prosise declined to contest his guilt in any way.)

Moreover, the issue of whether the conduct of the defendants constituted a violation of plaintiff's constitutional rights would not have been "necessarily determined" in the state court criminal proceeding. The propriety of the Reynoldsburg Police Department's conduct would not have been essential to the trial court's acceptance of the plaintiff's guilty plea. In fact, it would have been completely irrelevant to such a determination since it would have not factored into the court's determination when the conviction had been entered.

Finally, we are mindful of the Supreme Court's instruction that courts should not be called upon to forecast whether the action of the defendants was executed in a proper or improper manner. "It is impermissible for a court to assume that a plea of guilty is based on a defendant's determination that he would be able to prevail on a motion to suppress evidence." *Haring,* 462 U.S. at 318, 103 S.Ct. at 2375. The affidavits submitted by the plaintiff allege that he accepted the plea arrangement to protect his ability to maintain his present employment. The fact that a plea of guilty was in fact entered by the plaintiff does not permit this Court to presume that the defendant's actions were conducted in a constitutionally permissible manner:

> ... a prospect of favorable plea agreement or the expectation or hope of a lesser sentence are considerations that might well suggest the advisability of a guilty plea without elaborate consideration of whether a Fourth Amendment challenge to the introduction of inculpatory evidence might be factually supported.

*Haring,* 462 U.S. at 319, 103 S.Ct. at 2376.

This Court holds that under Ohio law, the doctrine of collateral estoppel would not bar Plaintiffs from litigating the legality of the defendant's conduct. Accordingly, as a matter of law, Defendant's Motion for Summary Judgment on Plaintiff's § 1983 claim is hereby DENIED.

### III. *Damages Under § 1983*

The final question before the Court is whether any material issue of fact exists with regard to damages suffered by Plaintiff Kitty Guinsler. The defendants argue that the plaintiff has not alleged nor set forth any evidence that would support an award of damages under § 1983. With this argument, the Court must disagree as well.

In *Memphis Community School Dist. v. Stachura,* 477 U.S. 299, 306, 106 S.Ct. 2537, 2542, 91 L.Ed.2d 249 (1986), the Supreme Court held that damages under 42 U.S.C. § 1983 were designed primarily to

---

**5.** The fact that no actual determination as to the legality of the police department's action was made by the state court distinguishes the instant case from that of *Allen v. McCurry,* 449 U.S. 90,

101 S.Ct. 411, 66 L.Ed.2d 308 (1980) (State court had made an actual determination as to legality of police department's conduct in denying plaintiff's motion to suppress evidence.)

compensate persons for injury caused. In outlining the elements, the Court stated:

> ... [C]ompensatory damages may include not only out-of-pocket loss and other monetary harms, but also such injuries as "impairment of reputation ..., personal humiliation, and mental anguish and suffering."

*Id.*, 477 at 307, 106 S.Ct. at 2543.

 Keeping this standard in mind, the evidence before the Court clearly raises a material issue of fact with regard to damages allegedly suffered by Plaintiff Guinsler. Allegation # 7 contained in Plaintiff's affidavit states that she "was forced to sell [her] property and move from the City of Reynoldsburg." In addition, Allegation # 11 states that the plaintiff "suffered ... extreme embarrasment and mental anguish as a result of the conduct of the [defendants]." Under *Stachura*, all of these allegations are elements of injury which are compensable under 42 U.S.C. § 1983.

Accordingly, the statements contained in the plaintiff's affidavit raises sufficient issues of fact from which a jury could reasonably conclude that she had been damaged by the actions of the defendants. Defendant's Motion for Summary Judgment is therefore DENIED on this issue as well.

### CONCLUSION

Consequently, the Court holds that Plaintiffs' claim for relief is limited to their cause of action under 42 U.S.C. § 1983. Furthermore, the Court holds that plaintiffs' § 1983 claim is not barred by the principles of collateral estoppel and that a material issue of fact is raised as to damages suffered by Plaintiff Guinsler.

Accordingly, the motion for summary judgment is DENIED in part and GRANTED in part.

IT IS SO ORDERED.