OPINION
{¶ 1} Rainbow Rentals appeals from a judgment of the County Court of Montgomery County, Area One, which entered judgment in favor of Deanna J. Mason in the amount of $2,043.60.
 {¶ 2} Mason's complaint against Rainbow Rentals arose out of her decision to rent bedroom furniture from that company in October 2001. Mason presented the following evidence at trial through her own testimony.
 {¶ 3} Initially, there were some problems with the delivery of the furniture which are not relevant to this appeal. Then, in November 2001, when Mason was one day late on her rental payment, a manager of Rainbow Rentals came to her home and insisted on two weeks of payment under threat that he would reclaim the furniture. She immediately wrote Rainbow Rentals a check for approximately $77 and gave it to the manager. However, over the next couple of days, Mason became very angry about the manner in which she had been treated by the manager. She placed a stop payment order on the check that she had given him and called the store to pick up the furniture.
 {¶ 4} Several months later, after being stopped for speeding, Mason learned that there was a warrant for her arrest for passing bad checks. Mason claimed she had no prior knowledge that she had been charged with this offense. Mason was arrested, her car was impounded, and she was taken to jail. She was released several hours later after making bail. The criminal complaint against Mason had been filed by Rainbow Rentals for passing bad checks, based on the stop payment order on the last rental check. The prosecutor later dismissed the charges.
 {¶ 5} Scott Kinner took over the management of Rainbow Rentals after Mason's furniture had been delivered but before it was returned. He testified that he had not been informed of the stop payment order, although the check that he presented to the court was clearly marked "Stop Payment." Kinner claimed that the Trotwood Police had helped him decide to file a complaint for passing bad checks and that he had not been aware of any distinction between stopping payment on a check and writing a check on insufficient funds.
 {¶ 6} Mason testified that she had suffered "humiliation, mental distress, and embarrassment" as a result of her arrest, which had been publicized in a local newspaper. She also testified that she had suffered the following monetary damages: $386.10 in lost wages for the dates of her arrest and of court proceedings; an $82 towing fee for her car; $75 in bail; $7.50 for a bond fee; and a $39 filing fee for the court proceeding. Mason sought additional compensation for her humiliation and embarrassment, requesting total damages in the amount of $3,000.
 {¶ 7} An evidentiary hearing was held on August 21, 2002. Following the hearing, the trial court awarded damages in the amount of $2,043.60. The court did not explain how it arrived at this amount.
 {¶ 8} Rainbow Rentals appeals, raising one assignment of error. Rainbow Rentals has not provided us with a transcript of the hearing before the trial court, as required by App.R. 9(B). However, because the trial was extremely brief, we will consider the appeal using the videotape of the proceedings in lieu of a transcript.
 {¶ 9} "The Trial Court erred by finding appellant liable for damages in the amount of $2,043.60."
 {¶ 10} Rainbow Rentals claims that the damage award was improper because it had not acted maliciously or negligently toward Mason and because the amount of the award was unsubstantiated.
 {¶ 11} No cause of action was specified in the complaint or in the trial court's judgment entry. Rainbow Rentals suggests that the theory of the case was apparently malicious prosecution, and we agree with this assessment. Thus, we will consider whether the trial court could have reasonably awarded damages for malicious prosecution.
 {¶ 12} To prove malicious prosecution, a plaintiff must show: (1) malice in instituting or continuing the prosecution, (2) lack of probable cause, and (3) termination of the prosecution in favor of the accused.Ash v. Ash (1995), 72 Ohio St.3d 520, 522, citing Trussell v. Gen. MotorsCorp. (1990), 53 Ohio St.3d 142, syllabus; Broadnax v. Greene CreditServices (1997), 118 Ohio App.3d 881, 887. "The want of probable cause is the gist of the action." Portis v. TransOhio Sav. Bank (1988),46 Ohio App.3d 69, 70, citing Melanowski v. Judy (1921), 102 Ohio St. 153, paragraph one of the syllabus. A defendant with a reasonable ground of suspicion, supported by circumstances sufficiently strong to warrant a cautious person in the belief that the accused is guilty of the offense charged, meets the requirement of probable cause." Id., citing Ash v.Marlow (1851), 20 Ohio 119, paragraph one of the syllabus. Malice may be inferred from the lack of probable cause. Patton v. Wood Cty. HumaneSoc. (2003), 154 Ohio App.3d 670, 681, citing Fair v. LitelCommunication, Inc., (Mar. 12, 1998), Franklin App. No. 97APE06-804.
 {¶ 13} A person passes a bad check if, with purpose to defraud, he issues or transfers a check knowing that it will be dishonored. R.C.2913.11(A). There was no evidence presented in this case that Mason's check was "dishonored" by the bank for lack of funds or any other reason. Rather, it was clear from the face of the check that was returned to Rainbow Rentals that Mason had stopped payment on the check. The trial court could have reasonably concluded that Rainbow Rentals should have recognized the distinction between a stop payment order and a dishonored check and that it had lacked probable cause to file a complaint against Mason for passing bad checks. The trial court was not required to credit Kinner's testimony that he was unaware of the difference between stopping payment on a check and writing a check on insufficient funds.
 {¶ 14} Based on the evidence presented, the trial court could have reasonably concluded that Rainbow Rentals had acted maliciously in filing a criminal complaint against Mason for passing bad checks and in allowing the complaint and warrant to remain in effect many months after her furniture had been returned. The trial court could have also reasonably inferred from the absence of probable cause that the complaint was filed maliciously. See Patton, 154 Ohio App.3d at 681. The trial court did not make specific findings to this effect, but its judgment is susceptible to this interpretation. We defer to the trial court's findings because of its ability "to view the witnesses and observe their demeanor, gestures and voice inflections, and use these observations in weighing the credibility of the proffered testimony." Seasons Coal Co. v. Cleveland
(1984), 10 Ohio St.3d 77, 80. There is no dispute that the prosecution was resolved in Mason's favor by the prosecutor's dismissal of the case. We thus conclude that the trial court did not err in finding for Mason on her malicious prosecution claim.
 {¶ 15} Rainbow Rentals also claims that the damage award was unreasonable. The trial court did not explain its damage award. However, it appears to have awarded the full amounts that Mason sought for lost wages, bond, and towing charges, plus $1,500 for humiliation, mental distress, and embarrassment. Rainbow Rentals did not challenge the amounts claimed for lost wages, bond, and towing charges at trial. We are not persuaded that the trial court acted unreasonably in awarding the amounts sought for these items or in awarding $1500 for Mason's non-economic damages.
 {¶ 16} The assignment of error is overruled.
 {¶ 17} The judgment of the trial court will be affirmed.
Brogan, J. and Grady, J., concur.