JOURNAL ENTRY AND OPINION
{¶ 1} Plaintiff-appellant Brad Jones ("Jones") appeals from the decision of the Cuyahoga County Court of Common Pleas that granted motions for summary judgment in favor of defendantsappellees Norfolk Southern Railway Co., Ronald Young, Scott Dean, Kevin Drake, and Gerald Reinhardt (collectively "Norfolk"),[1] as well as defendant-appellees Metro Parking Systems, KS Parking, and James Kassouf (collectively "Metro Parking"). Finding no error in the decision below, we affirm.
 {¶ 2} The following facts give rise to this appeal. On July 30, 2000, after a preseason Cleveland Browns football game, Jones was injured by a train on property that Norfolk Southern Railway Company had the exclusive right to operate, manage, and use. On the night of the accident, Jones had been tailgating in a parking lot adjacent to the railroad tracks prior to and after the Browns football game. Jones crossed the railroad tracks to urinate near some junction boxes. The train was only 100 to 150 feet away when Ronald Young and Scott Dean saw Jones crossing back over the tracks with his head down. Jones never looked at the oncoming train. The train was ringing its bell and had its headlight and flashing ditch lights illuminated. The train was traveling at approximately 25 m.p.h., which was 5 m.p.h., under the speed limit. Jones was struck by the right front corner of the snowplow that was attached to the front of the train. The accident happened between 11:30 p.m. and 12:00 a.m.
 {¶ 3} On September 19, 2000, Jones was charged with criminal trespass in Cleveland Municipal Court. After several pretrials, Jones filed a motion to dismiss. On March 21, 2001, the case was dismissed for a speedy trial violation.
 {¶ 4} On January 11, 2002, Jones filed a complaint against Norfolk and Metro Parking alleging negligence, malicious prosecution, and abuse of process. Motions for summary judgment were filed by both defendants and responses thereto. On February 27, 2004, the trial court granted both defendants' motions for summary judgment.
 {¶ 5} Jones appeals the decision of the trial court, advancing five assignments of error for our review. This court reviews a trial court's grant of summary judgment de novo. Ekstrom v. Cuyahoga Cty. CommunityCollege, 150 Ohio App.3d 169, 2002-Ohio-6228. Before summary judgment may be granted, a court must determine that "(1) no genuine issue as to any material fact remains to be litigated, (2) the moving party is entitled to judgment as a matter of law, and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing the evidence most strongly in favor of the nonmoving party, that conclusion is adverse to the nonmoving party." State ex rel. Dussell v.Lakewood Police Dept., 99 Ohio St.3d 299, 300-301, 2003-Ohio-3652, citingState ex rel. Duganitz v. Ohio Adult Parole Auth., 77 Ohio St.3d 190, 191,1996-Ohio-326.
 {¶ 6} "I. The trial court committed reversible error in concluding as a matter of law that appellant was a trespasser, that the railroad defendants did not act in a willful or wanton manner and the appellant's claims were barred on the ground that he had knowingly and voluntarily encountered a known risk."
 {¶ 7} Jones argues that the trial court erred in granting Norfolk's motion for summary judgment with regards to his negligence claim. In order to defeat a motion for summary judgment on a negligence claim, a plaintiff must establish that a genuine issue of material fact remains as to whether: (1) the defendant owed a duty of care to the plaintiff; (2) the defendant breached that duty; and (3) the breach of duty proximately caused the plaintiff's injury. Texler v. D.O. Summers Cleaners ShirtLaundry Co., 81 Ohio St.3d 677, 680, 1998-Ohio-602. Whether a duty exists is a question of law for the court to determine. Mussivand v. David
(1989), 45 Ohio St.3d 314, 318.
 {¶ 8} First, Jones argues that the trial court erred in finding him to be a trespasser, and consequently applied the incorrect duty of care. In cases of liability, Ohio adheres to the commonlaw classifications of invitee, licensee, and trespasser. Gladon v. Greater Cleveland RegionalTransit Auth., 75 Ohio St.3d 312, 1996-Ohio-137. The status of a person who enters upon the land of another continues to define the scope of the legal duty that the landowner owes the entrant. Id. at 315.
 {¶ 9} A trespasser is one who, without express or implied authorization, invitation or inducement, enters private premises purely for his own purposes or convenience. McKinney v. Hartz RestleRealtors, Inc. (1987), 31 Ohio St.3d 244, 246. A landowner owes no duty to a trespasser other than to refrain from injuring such trespassers by willful or wanton conduct. Westbrook v. Elden Properties (Apr. 5, 2000), Lorain App. No. 98CA007257. However, when a trespasser is discovered in a position of peril, a landowner is required to use ordinary care to avoid injuring him. Gladon, 75 Ohio St.3d at 318.
 {¶ 10} Here, Jones complains that the trial court improperly determined Jones to be a trespasser when there is no clear evidence of who owned the property. However, the record reflects that the property in question was owned by Pennsylvania Lines L.L.C., while Norfolk had the exclusive right to operate, manage and use it. Jones was lawfully on the property of Metro Parking, which did not include the railroad tracks. Therefore, the trial court properly determined that Jones was a trespasser when he walked across the railroad tracks entering the property of another without consent. Nevertheless, that issue need not have been decided because the open and obvious doctrine applies to bar recovery.
 {¶ 11} This doctrine states that a premises owner owes no duty to persons entering those premises regarding dangers that are open and obvious. Armstrong v. Best Buy, Inc., 99 Ohio St.3d 79, 80, 2003-Ohio-2573. The open and obvious nature of the hazard itself serves as a warning. Id. Thus, the owner or occupier may reasonably expect that persons entering the premises will discover those dangers and take appropriate measures to protect themselves. Id., citing Simmers v. Bentley Constr.Co., 64 Ohio St.3d 642, 644, 1992-Ohio-42. When the open and obvious doctrine is applicable, it obviates the duty to warn and acts as a complete bar to any negligence claims. Armstrong, 99 Ohio St.3d at 80.
 {¶ 12} The Armstrong court emphasized "that when courts apply the rule, they must focus on the fact that the doctrine relates to thethreshold issue of duty. By focusing on the duty prong of negligence, therule properly considers the nature of the dangerous condition itself, as opposed to the nature of the plaintiff's conduct in encountering it. The fact that a plaintiff was unreasonable in choosing to encounter the danger is not what relieves the property owner of liability. Rather, it is the fact that the condition itself is so obvious that it absolves the property owner from taking any further action to protect the plaintiff." (Emphasis added.) Id. at 82.
 {¶ 13} Open and obvious hazards are neither hidden or concealed from view nor undiscoverable by ordinary inspection. Parsons v. Lawson Co.
(1989), 57 Ohio App.3d 49, 50-51. "The determination of the existence and obviousness of a danger alleged to exist on a premises requires a review of the facts of the particular case." Miller v. Beer BarrelSaloon (May 24, 1991), Ottawa App. No. 90-OT-050.
 {¶ 14} "The typical open and obvious cases concern known conditions that could have been avoided by individuals if they had taken proper precautionary measures, such as paying attention to where they are walking." Briskey v. Gary Crim Rentals, Mahoning App. No. 04 MA 7,2004-Ohio-6508. A moving train is not a subtle or hidden danger and its potential for causing serious bodily injury or death to anyone in its path is readily apparent, even to young children. McKinney,31 Ohio St.3d at 247. "Nothing could be more pregnant with warning of danger than the noise and appearance of a huge, rumbling, string of railroad cars." Id. at 247-248, quoting Herrera v. Southern Pacific Ry.Co. (1961), 188 Cal.App.2d 441, 449.
 {¶ 15} Here, Jones crossed the railroad tracks to urinate near some junction boxes. Afterwards, he crossed back over the tracks with his head down, never looking at the oncoming train. Jones acknowledges that he saw the railroad tracks but did not think they were operational. What Jones thought is not the deciding factor; rather, the fact that the railroad tracks and the moving train are open and obvious conditions is determinative. Even when crossing a deserted street, a prudent person would look both ways. Because the open and obvious doctrine applies in this case, Jones is barred from recovery. Therefore, the trial court did not err in granting summary judgment on the negligence issue.
 {¶ 16} Jones first assignment of error is overruled.
 {¶ 17} "II. The trial court committed reversible error in concluding as a matter of law that appellees NS and Reinhardt were entitled to summary judgment as a matter of law as to the question of their liability for malicious prosecution."
 {¶ 18} In this assignment, Jones argues that the trial court erred in granting summary judgment in favor of Norfolk on the claims of malicious prosecution and abuse of process.
 {¶ 19} As an initial matter, we note that even though the tort of malicious prosecution and the tort of abuse of process have different elements, in some situations the same facts that may constitute an abuse of process may also support an action for malicious prosecution. SeeYaklevich v. Kemp, Schaeffer Rowe Co., L.P.A. (1994) 68 Ohio St.3d 294,298. In that case, a complaint may allege both causes of action, and a consideration of whether probable cause was present to bring the underlying litigation would determine under which tort theory the action should proceed.
 {¶ 20} Jones argues that he presented sufficient evidence that Norfolk was motivated by malice when it instituted a criminal trespass prosecution. He alleges that it was because Jones planned to contact an attorney. Further, Jones argues that the complaint was filed without probable cause and, lastly, that the criminal trespass case was terminated in favor of Jones because of a speedy trial violation.
 {¶ 21} In order to defeat a motion for summary judgment on a malicious prosecution claim, a plaintiff must establish that a genuine issue of material fact remains as to whether there was: (1) malice in instituting or continuing the prosecution; (2) lack of probable cause; and (3) termination of the prosecution in favor of the accused. Tucker v.Lakeshore Chevrolet, Inc., Cuyahoga App. No. 83589, 2004-Ohio-5381. Failure of just one of the elements is fatal to plaintiff's case.
 {¶ 22} The absence of probable cause is the heart of an action for malicious prosecution, because malice may be inferred from the absence of probable cause. Brand v. Geissbuhler (Feb. 27, 1997), Cuyahoga App. No. 70565. "The determination of whether a criminal prosecution was undertaken in the absence of probable cause entails an inquiry into the facts or circumstances actually known to or which were reasonably within the contemplation of the defendant at the time of the instigation of the criminal proceedings. McFinley v. Bethesda Oak (1992),79 Ohio App.3d 613, 607 N.E.2d 936. A defendant meets the requirement of probable cause if he has a reasonable ground of suspicion, supported by circumstances sufficiently strong in themselves to warrant a cautious person in the belief that the person accused is guilty of the offense charged. Ash v. Marlow (1851), 20 Ohio 119. There is no requirement that there be enough evidence to ensure a conviction. Deoma v. Shaker Heights
(1990), 68 Ohio App.3d 72, 77, 587 N.E.2d 425. The defendant's conduct should be measured in light of the facts and circumstances the defendant knew or reasonably should have known at the time of the filing of the criminal complaint. Portis v. TransOhio Savings Bank (1988),46 Ohio App.3d 69, 70, 545 N.E.2d 923." Id.
 {¶ 23} In this case, it is undisputed that Jones crossed the train tracks to urinate. The train tracks were not the property of Metro Parking, and therefore his entrance was not privileged. Moreover, the status of an accidental trespasser is still that of a trespasser.Gladon, 75 Ohio St.3d at 316. Hence, the trial court did not err when it granted the motion for summary judgment because there was probable cause to file the trespass charges. Because the lack of probable cause element is dispositive of the claim, we decline to address the remaining issues of whether the criminal case was instituted with malice and whether the criminal trespass case was decided in Jones's favor.
 {¶ 24} Next, Jones argues that the trial court erred when it granted Norfolk's summary judgment motion with regard to his abuse of process claim. Jones alleges that Norfolk utilized the criminal trespass proceedings as both a threat and a club in order to adversely affect his civil damages and to punish Jones for seeking legal assistance.
 {¶ 25} In order to establish a claim of abuse of process, a plaintiff must satisfy three elements: "(1) that a legal proceeding has been set in motion in proper form and with probable cause; (2) that the proceeding has been perverted to attempt to accomplish an ulterior purpose for which it was not designed; and (3) that direct damage has resulted from the wrongful use of process." Yaklevich, 68 Ohio St.3d at 298.
 {¶ 26} As stated previously, there was probable cause to file the criminal trespass charges; however, although bad intentions were alleged by Jones "there is no liability [for abuse of process] where the defendant has done nothing more than carry out the process to its authorized conclusion, even though with bad intentions." Id. Furthermore, no evidence was submitted to show direct damages resulting from the litigation. See Burroughs v. St. Mike's Golf, Inc. (Oct. 17, 1997), Defiance App. No. 4-97-14. Therefore, the trial court did not err when it granted summary judgment in favor of Norfolk on this issue.
 {¶ 27} Jones's second assignment of error is overruled.
 {¶ 28} "III. The trial court committed reversible error in implicitly concluding as a matter of law that appellees were entitled to summary judgment as a matter of law as to the question of punitive damages."
 {¶ 29} This issue is made moot by our ruling in the first assignment of error.
 {¶ 30} "IV. The trial court committed reversible error in granting summary judgment in favor of the parking lot defendants."
 {¶ 31} Jones argues that Metro Parking owed an affirmative duty to protect its patrons from unreasonable risks of harm, including the railroad tracks adjacent to its parking lot. However "[a] railroad has no statutory or common-law duty to fence its right-of-way against trespassers." McKinney, 31 Ohio St.3d at 246. Further, a railroad has no duty to provide a watchman or other personnel to prevent trespassers. Id. Finally, Ohio courts "have generally refused to extend the requisite duty of care to protect against conditions existing beyond the territorial limits of the defendant's property." Id. at 248. Since a railroad has no duty to fence its right-of-way, because the danger is open and obvious, it would be unreasonable to impose such a duty upon the adjacent landowners. Therefore, the trial court did not err when it granted summary judgment in favor of Metro Parking.
 {¶ 32} Furthermore, we decline to adopt Jones's alternate theory that Metro Parking owes a higher duty of care to its drunken patrons before and after the Cleveland Browns games simply because they can anticipate alcohol consumption and drunks playing on the train tracks.
 {¶ 33} Jones's fourth assignment of error is overruled.
 {¶ 34} "V. The trial court committed reversible error in granting summary judgment before appellant had been afforded a fair opportunity to complete discovery and to supplement his summary judgment response."
 {¶ 35} Jones argues that he was not given enough time to complete discovery and to supplement his summary judgment response. He complains about not knowing who owned the property where the accident occurred, not being able to depose Kassouf, and he further alleges, for the first time, that the parties misrepresented facts as to the use of a watchman and watch towers.
 {¶ 36} "The standard of review of a trial court's decision in a discovery matter is whether the trial court abused its discretion." Stateex rel. Denton v. Bedinghaus, 98 Ohio St.3d 298, 2003-Ohio-861. "Abuse of discretion" connotes an unreasonable, arbitrary, or unconscionable attitude. State ex rel. Hamilton Cty. Bd. of Commrs. v. State Emp.Relations Bd., 102 Ohio St.3d 344, 2004-Ohio-3122.
 {¶ 37} The record reflects that on August 4, 2003 both Norfolk and Metro Parking filed motions for summary judgment. Jones filed for an extension of time to reply, which was granted. On September 26, 2003, Jones filed his response to both parties' motions for summary judgment, including an affidavit alleging inadequate discovery and requesting more time to file supplemental reply briefs. However, from September 26, 2003 until February 27, 2004, numerous motions, depositions, and witness lists were filed by Jones, but no supplemental reply or motion to continue was filed.
 {¶ 38} "A trial court is free to consider a motion for summary judgment where no continuance is requested or when such continuance is not supported by affidavits which would suggest the need for further discovery. A party who fails to comply with the provisions of Civ.R. 56(F) waives any error in a trial court's premature ruling on a motion for summary judgment." Miller v. Premier Industrial Corp. (2000),136 Ohio App.3d 662, 676 (internal citations omitted).
 {¶ 39} Recognizing the trial court's special expertise and familiarity with case management issues and the court's discretion to manage its own docket, we cannot say that the trial court abused its discretion by ruling on the summary judgment motions. Jones had five full months to file a supplemental response or to ask for another continuance. Furthermore, the lack of discovery alleged would not negate the fact that this was an open and obvious condition barring recovery.
 {¶ 40} Jones's fifth assignment of error is overruled.
Judgment affirmed.
It is ordered that appellees recover of appellant costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Cuyahoga County Common Pleas Court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Celebrezze, JR., P.J., and Sweeney, J.*, Concur.
*Sitting by assignment: Judge James D. Sweeney, Retired, of the Eighth District Court of Appeals.
[1] Ronald Young was the engineer operating the train and Scott Dean was the conductor on the date of the accident. Kevin Drake, a Norfolk police officer, and Gerald Reinhardt, a Norfolk claims agent, were involved in the investigation of the accident.