Attorneys—Egan & Delscamp, for Spraley; F. H. & W. B. Turner, for Watson.

---

No. 662

GT LAKES COAL MIN. CO. v. TROLL et al

Ohio Appeals, 8th Dist., Cuyahoga County

No. 5101.　Decided June 23, 1924

302. CONVERSION—Refusing special request in action for conversion thereof, that tracks connected with coal mine were trade fixtures and belonged to persons installing same, held prejudicial.

139. Fixtures—Roadbed, rails, buildings and like fixtures held subject to removal or sale by erector.

761. MINES AND MINING—Instruction that persons erecting mining railroad owed no duty to apprise purchaser of interest in property sold, held erroneous.

475. ESTOPPEL—Failure to assert interests in trade fixtures to purchaser on sale of property on which installed, estops claiming title thereto.

This was an action brought by the Trolls against the Great Lakes Coal Mining Co. for the unlawful conversion by the defendant of certain tracks and equipment running over and through premises in Belmont county, forming a hall or entryway from and to certain coal mines, of which the defendant was owner of one and the plaintiffs were owners of the other. The defendant claimed that it had purchased the equipment in question.

It appeared that the defendant some time previously had purchased from the Troll Coal Mining Co. the mine in question together with various incidental equipment for $625,000. The Trolls were the principal officers in the Troll Coal Mning Co. and were personally familiar with the terms of the transaction. The written agreement referred to equipment, machinery and personal property pertaining to the mining plant and mining operations, and substantially took in all property connected with the mines or appertaining thereto.

A deed was executed several days afterwards which contained the same provision. No reservation was made in either of the two written instruments. Later the plaintiffs notified the defendant that they owned these racks in question and subsequently brought this action. The court refused a special request which, in effect, stated that the Troll Coal Mining Co. had placed the tracks upon plaintiff's land and that these tracks were trade fixtures and could be sold by the mining company. In its special charge the court instructed the jury that there was no duty upon the plaintiffs to speak at the time of the execution of the instruments or at any time that they knew that the tracks were being sold.

A verdict was rendered for plaintiffs in the sum of $11,401.40, whereupon defendants prosecuted error. In reversing the judgment of the lower court, the Court of Appeals held:

1. The court committed prejudicial error in refusing the special request.

2. The roadbed of a railroad, the rails fastened to it and the buildings and trade fixtures are subject to removel or sale by the person who erected them.

3. The court committed error in instructing the jury that there was no duty on the part of plaintiffs to apprise the defendant of the fact that the property that was being sold was theirs when thew were familiar with that fact.

4. If a party, having a right, stands by and sees another dealing in property in a manner inconsistent with that right, and makes no objection while the act is in progress, he cannot afterwards complain.

Attorneys—Holding, Masten, Duncan & Leckie, for Great Lakes Coal Mining Co.; Reed, Meals, Orgill & Maschke, for Troll et al.