JOURNAL ENTRY AND OPINION
{¶ 1} In this appeal, plaintiff-appellant, Walter H. Ahlers ("Ahlers"), appeals from the judgment of the Cuyahoga County Court of Common Pleas which granted the motions for judgment on the pleadings and summary judgment of defendants-appellees, Joan E. Pettinelli and Wuliger, Fadel Beyer (collectively referred to as "Pettinelli"). For the following reasons, we affirm the decision of the trial court.
 {¶ 2} A review of the record reveals the following facts: Pettinelli is an attorney who represented a third-party, William and Sharon Hegyi (the "Hegyis"), in a separate civil case against Ahlers.[1] In that litigation, Pettinelli won a jury verdict on behalf of her clients for $19,500 in compensatory damages and $22,800 in punitive damages. The jury found against Ahlers on claims of fraud, conversion, and punitive damages. The jury also awarded attorney fees, in an amount to be determined by the court at a hearing scheduled for July 18, 2000.
 {¶ 3} On July 7, 2000, the trial court docketed a journal entry with regard to the outcome of the case and marked the case as "Final." Accordingly, on July 25, 2000, Pettinelli transferred the judgment to the Cleveland Municipal Court to begin execution.
 {¶ 4} On August 14, 2000, Pettinelli filed a notice of garnishment of property on the judgment to avoid the possibility that Ahlers would attempt to conceal any funds, or otherwise divest himself of assets necessary to satisfy the verdict. As a result, First Federal of Lakewood deposited $2,339.49 on August 30, 2000, Morgan Stanley deposited $44,018.53 on September 15, 2000, and a Prudential Securities account, containing cash and securities in the amount of $18,489.36 was frozen on September 28, 2000.
 {¶ 5} On September 11, 2000, Ahlers filed a motion for stay of disbursement and motion for release of funds, arguing that the Municipal Court could not enforce the execution proceedings since the July 7, 2000 judgment was not a final appealable order. Specifically, the jury verdict and judgment were interlocutory pending the resolution of attorney fees.[2] A hearing was held on the matter on September 28, 2000. At that time, the parties jointly requested that the funds remain on deposit with the Cleveland Municipal Court.
 {¶ 6} On February 26, 2002, the trial court awarded attorney fees in the amount of $28,787.29 and finalized the judgment connected to the case. On April 29, 2002, the parties settled the case for $55,000 and the amounts held by the Cleveland Municipal Court were paid out as part of the settlement.
 {¶ 7} On November 7, 2002, Ahlers filed this complaint against Pettinelli alleging abuse of process and wrongful execution arising from Pettinelli's collection efforts upon the non-final July 7, 2000 judgment.
 {¶ 8} On February 20, 2003, Pettinelli filed a motion for judgment on the pleadings. On March 25, 2003, the trial court granted Pettinelli's motion as to the abuse of process claim only and converted the wrongful execution claim to one of conversion. On March 24, 2004, the trial court granted summary judgment to Pettinelli on the remaining claim of conversion. It is from these decisions that Ahlers now appeals and raises two assignments of error for our review, which will be addressed together.
 {¶ 9} "I. The trial court committed prejudicial error in granting judgment on the pleadings and dismissing plaintiff's claim for abuse of process.
 {¶ 10} "II. The trial court committed prejudicial error in granting summary judgment in favor of the defendants."
 {¶ 11} In these assignments of error, Ahlers argues that the trial court erred in dismissing his complaint because material questions of fact existed concerning his claims for abuse of process and wrongful execution/conversion. We disagree.
Abuse of Process
 {¶ 12} In order to establish a claim of abuse of process, Ahlers must prove the following three elements: (1) that a legal proceeding has been set in motion in proper form and with probable cause; (2) that the proceeding has been perverted to attempt to accomplish an ulterior purpose for which it was not designed; and (3) that direct damage has resulted from the wrongful use of process. Jones v. Norfolk S. Ry. Co., Cuyahoga App. No. 84394, 2005-Ohio-879, citing Yaklevich v. Kemp,Schaeffer Rowe Co., L.P.A., 68 Ohio St.3d 294 at 298, 1994-Ohio-503.
 {¶ 13} Here, Pettinelli had probable cause to execute on the judgment. See Barnes v. Continental Acceptance Corp. (Feb. 17, 1977), Cuyahoga App. No. 35499 (the fact that cognovit judgment was validly rendered provides complete probable cause for instituting garnishment proceedings). However, Ahlers cannot demonstrate that Pettinelli initiated the execution to accomplish an ulterior purpose for which it was designed. Pettinelli had a valid judgment against Ahlers and was entitled to execute on it. See Barnes, supra. Indeed, Pettinelli was required to begin execution on the judgment on behalf of her clients, since the trial court marked the judgment as "Final." Although it may ultimately have been determined that the judgment was, in fact, a non-final, interlocutory order and not capable of execution, no court of competent jurisdiction had ruled as such at the time Pettinelli filed it.[3] Moreover, there is no indication in the record that Ahlers ever requested that the trial court correct its journal entry. Accordingly, Ahlers cannot prove a prima facie case for abuse of process and the trial court properly dismissed that claim.
Wrongful Execution/Conversion
 {¶ 14} In order to establish a claim for conversion through wrongful execution, Ahlers must prove that Pettinelli improperly seized or attached his property. Columbus Finance, Inc. v.Howard (1978), 42 Ohio St.2d 178.
 {¶ 15} Here, Pettinelli initiated a garnishment against Ahlers' funds based upon a valid judgment that was marked "Final" by the trial court. A person that acts pursuant to a facially valid judgment must be able to rely upon that judgment without concern of being sued in conversion if that judgment is later reversed or nullified, or the judgment would have no meaning at all. Penrod v. Pros. Attorney of Scioto Cty. (Apr. 4, 1990), Scioto App. Nos. 1771, 1818. Accordingly, we find that the July 7, 2000 judgment was valid or fair on its face and the fact that a court may later have held it to be interlocutory is irrelevant to the issue of whether Pettinelli could rely upon the judgment when originally entered. Id. See, also, Donnelly v. Zekan (June 14, 2000), Summit App. No. 19563 (an individual is privileged to commit acts which would otherwise be conversion when he or she acts pursuant to a court order which is valid or fair on its face.)
 {¶ 16} Moreover, we find that Ahlers waived this claim when he consented to the Municipal Court's possession of the garnished funds pending further clarification of the matter. See GreatLakes Coal Mining Co. v. Troll (Cuyahoga County 8th Dist. 1924), 2 Ohio Law Abs. 634 (a party who consents to the manner by which another deals with his property is estopped from asserting a claim for conversion). Accordingly, the trial court properly dismissed Ahlers' claim for wrongful execution/conversion.
 {¶ 17} Ahlers' two assignments of error are overruled. Judgment affirmed.
It is ordered that appellees recover of appellant their costs herein taxed.
The Court finds there were reasonable grounds for this appeal. It is ordered that a special mandate issue out of this Court directing the Court of Common Pleas to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Celebrezze, Jr., P.J., and McMonagle, J., Concur.
[1] Cuyahoga County Case No. CV-383217.
[2] See Journal Entry dated July 7, 2000, Vol. 2482, P. 604-605.
[3] See Nwabara v. Willacy (Apr. 17, 1997), Cuyahoga App. No. 71122.